STRAFFORD, FEBRUARY TERM, 1821.

### BARNARD HOIT *vs.* JOHN MOLONY.

When the *ad damnum* in a writ is left blank, the defect is not cured by a verdict in favor of the plaintiff.

Where the court has general jurisdiction of a cause, and a verdict is found for more than the sum demanded, a *remittitur* may be entered as to the excess, and judgment taken for the residue, or the verdict may be set aside, and leave then given to amend.

But when no damages are demanded, and the court have no jurisdiction, unless the *ad damnum* exceed fifty dollars, no amendment can be allowed, and notwithstanding a verdict, the proceedings must be quashed.

The sum demanded and not the sum in dispute determines the jurisdiction of this court in personal actions.

THIS was trover for a quantity of household furniture. The action was commenced in this court, and, September term, A. D. 1820, a verdict found for the plaintiff for $77. The defendant moved an arrest of judgment, on the ground that the *ad damnum* in the writ had never been filled up. On the other hand, the plaintiff contended that this defect

was cured by the verdict, or if not cured, that he was entitled to remedy the defect by an amendment.

*Atkinson* and *Ich. Bartlett,* counsel for the plaintiff.

*Perkins,* for the defendant.

WOODBURY, J. It being a well settled principle that a party can recover no more damage than he demands, the plaintiff in this case cannot have judgment, unless the neglect to demand some damage is cured by a verdict in his favor. But judgment for more damage than is demanded is bad on error,(1) which would not be the case where a verdict is returned, if a defect in the demand of damage were cured by a verdict.

In respect to the amendment prayed for, it would seem, on the first view, to come within the broad provision of our statute,(2) that amendments may be made, " where the per- " son or case may be rightly understood or intended by the " court." Under similar provisions in an adjoining state, it has been adjudged, that " all amendments of declarations " consistent with the nature of those originally made, or for " the same cause of action, are within the statutes." 3 *Mass. Rep.* 210, *Haynes & ux. vs. Morgan.*

It is an invalid objection, that nothing appears here to amend by ; because the amount of the verdict might be a safe guide. *Tidd.* 661.–1 *D. & E.* 783, *Green vs. Rennett.*– 7 *ditto* 133. Nor is it too late for an amendment, after verdict, or even a writ of error. 2 *Strange* 1151, 1162.—3 *D. & E.* 659, 749.—3 *John. Rep.* 95.—7 *ditto* 468.—1 *John. Ca.* 29.—10 *Mass. Rep.* 252, *Hutchinson vs. Crosser.*

Where the court has jurisdiction of the cause, relief is granted against difficulties of this kind in two ways. One is, to permit the plaintiff to enter a *remittitur* for all the damages found over the sum demanded, and to take judgment for only the residue. 4 *Maul. & Selw.* 93, *Usher et al. vs. Dansey et al.*—*Cro. Ja.* 297.—2 *Bl. Rep.* 1300, *Chewley vs. Morriss.*—17 *John. Rep.* 111, *Curtis vs. Lawrence.* Another is, to set aside the verdict, and then, before a new trial, grant an amendment, if the bail or other third persons interested would not thereby be injured. *Tidd.* 653.—7 *D. & E.* 132.

(1) Yelv. 45, note, Persival vs. Spencer.

(2) 1 N. H. Laws 99.

Hoit
*vs.*
Molony.

—1 *Maul. & Selw.* 675, *Pearse vs. Cameron.*—2 *John. Cases* 219, *Bogart vs. M'Donald.*—17 *John. Rep.* 111.

But by our statute of June 29th, 1818, this court has no jurisdiction over personal actions, originally brought here, unless " the sum demanded in damages shall exceed the " sum of fifty dollars."(1) It is the " sum demanded," and not as in the United States courts, the " sum in dispute," which determines our jurisdiction. 2 *Dall. Rep.* 360.—3 *ditto* 401 *to* 408, *Wilson vs. Daniel.*

(1) 2 N. H.
Laws 162.

The objection to our jurisdiction, and consequently our right to grant an amendment or make any other order as to this cause than to dismiss it, is not a personal privilege or local restraint, which may be waived by those for whose benefit they are introduced ; and which are in law waived by pleading to the merits. 1 *Chitt. Pl.* 426 *to* '8.—1 *Saund.* 98, *note* 1.—10 *Coke* 68.—*Bac. Ab.* " *Courts*," D.—1 *East* 352.—6 *ditto* 583.—1 *D. & E.* 151.—4 *ditto* 508.—1 *Mass. Rep.* 347.—3 *ditto* 24.

This objection is of a public nature, reaches the court itself, and any thing done by us in the present action would be *coram non judice.* We are bound to notice such an objection *ex officio ;* and as the allowance of even an amendment would be an assumption of jurisdiction, the plaintiff is without redress, except by the commencement of a new action. The present proceedings must be quashed.