### G. A. GORRILL *vs.* W. WHITTIER.

The selectmen of towns have no authority, under the statute of February 8, 1791, to alter the lines of towns. Nor had the court of sessions any such authority under the statute of 1820, *cap.* 85.

But selectmen have authority, under the first mentioned statute, to agree where an existing line is ; and such an agreement will be conclusive upon the subject. And a determination of the sessions, under the statute of 1820, where an existing line between two towns was, was held to be conclusive

And such a determination of the sessions was not void, although one of the justices of the sessions, who sat in the cause, was interested in the determination.

When a court has a general jurisdiction over the subject-matter of its proceedings, its doings, however erroneous, are not void.

THIS was an action of trespass for breaking and entering the plaintiff's close, alleged to be situated in Northfield, in this county.

The cause was tried here at August term, 1824, upon the general issue ; when it appeared, that the *locus in quo* was situated within what were considered the limits of the original township of Canterbury, of which Northfield is part, from 1730, when the line of Canterbury was run by the proprietors, until 1791, when a dispute arose between Northfield and Gilmanton. That dispute continued until 1821, when, on an application to the court of sessions in the county of

Strafford, the line was so settled by that court, as to leave the *locus in quo* in the town of Gilmanton, in the county of Strafford. Whereupon the court being of opinion, that, while the proceedings of the sessions remained in force, the *locus in quo* must be considered as in the county of Strafford ; and that the action, being in its nature local, could be maintained only in that county, directed a non-suit, subject to the opinion of the court upon the case, of which it was agreed that the record of the doings of the court of sessions should be considered as a part.

By that record it appeared, that the selectmen of Gilmanton, on the 7th August, 1821, presented to the court of sessions, in the county of Strafford, a petition, stating, that the selectmen of Gilmanton, and the selectmen of Northfield had not been able to agree as to the true line and boundaries between those two towns, and praying that court to examine the disputed line, and establish the same. Upon this petition it was ordered, that the selectmen of Gilmanton notify the selectmen of Northfield, to shew cause at the next January term, why the prayer of the petition should not be granted. On the 26th November, 1821, a notice was served upon the selectmen of Northfield, agreeably to the order. At January term, 1822, the town of Northfield did not appear, and *John Wheeler* and *John M. Page*, two of the justices of the sessions, and *John Folsom*, were appointed a committee to examine and establish the said disputed line. At August term, 1822, the committee reported as follows :—

" In pursuance of the within warrant, we the subscribers,
" have notified, &c. and after hearing, &c. do report the
" following described line to be the true line between the
" within named towns of Gilmanton and Northfield, viz. :
" Beginning, &c. By this we establish the line as perambu-
" lated, and returned by the selectmen of Gilmanton, in the
" year 1791."

It also appeared by the record aforesaid, that at the time when the said report was accepted, there were only three of the justices of the sessions present, one of whom was an inhabitant of the town of Gilmanton.

*Noyes* and *Woodbury*, for the plaintiff.

*Moody* and *Mason*, for the defendant.

RICHARDSON, C. J. On behalf of the plaintiff in this case, it is contended, that the court of sessions, although authorized to settle and establish disputed lines between towns, and renew the bounds and marks of the same, had no authority to alter the lines of towns or counties ; that the order of that court, which so establishes the line between Northfield and Gilmanton, as to leave the *locus in quo* in Gilmanton, alters the line between those towns ; and that the doings of the sessions, not being authorized by law, are void.

That the sessions had no authority to alter the lines of towns or counties, is a proposition, that will not be disputed. The statute of February 8, 1791, entitled " an act for regu- " lating towns, and the choice of town officers," *sec.* 1, enacts, " that the lines between towns shall be perambulated, and " the marks and bounds renewed, within two years from the " passing of this act, and once every seven years forever " after, by the selectmen of each town, or by such person " or persons as they shall, in writing, appoint for that pur- " pose."

And the statute of 1820, *cap.* 85, enacts, " that when " selectmen of different towns in this state, in perambulat- " ing the lines of their several towns, disagree in renewing " and establishing the boundaries and lines of such towns, " the court of sessions for the county, in which such town " is situated, are authorized, on petition to them for that " purpose, to settle and establish such disputed line, and " renew the bounds and marks of the same."

And the act further declares, " that the judgment of said " court, upon the same, shall be recorded at large, and shall " be of the same force and effect, as would have been the " agreement of the selectmen of said towns."

The authority given to selectmen, to renew boundaries, has always been considered to embrace the power to settle, by agreement, the true lines between towns. And the power to settle and establish disputed lines is expressly given to the sessions. But a power to settle and establish is not a power to alter. A power to settle a line is only a power to

determine where an existing line is ; but a power to alter is a power to abandon an existing line, and establish a new one.

But the proposition, that the order of the sessions alters the line between Gilmanton and Northfield is not admitted. Indeed, it seems to us to have no foundation whatever, in fact. The report of the committee, which the court accepted, expressly states, that the committee establish the line as perambulated and returned by the selectmen of Gilmanton and Northfield, in the year 1791, as the true line. There is nothing in the record of the proceedings, which indicates any attempt of the committee, or of the court, to alter the line between the two towns.

This objection, therefore, to the order of the sessions, having no foundation in fact, furnishes no ground to set aside the non-suit in this case.

Another ground, on which the plaintiff relies, to set aside the non-suit in this case, is, that the proceedings of the court of sessions were so irregular, that they must be considered as absolutely void.

Where an authority is given to a court, or to certain magistrates, to be exercised in a particular manner prescribed by a statute, their doings will be void, unless the directions of the statute are substantially pursued. Thus, when a court of common pleas was authorized to determine at what convenient place, near *G. M.'s* house, a gate should be erected upon a turnpike road, and the court determined that the gate should be erected at a place called *M. hill,* near *G. M.'s* house, or at any place on said road between *M. hill* and the house of *R. N. M.,* it was held, that the location of the gate could not be considered as an execution of the power granted, and that the doings of the court could not justify the erection of the gate. 2 *Mass. Rep.* 102, *Commonwealth vs. Heare.*

And, where particular magistrates are authorized to discharge poor debtors, upon their taking a certain oath, from prison, unless the statute is pursued, their doings are void. 2 *N. H. Rep.* 421, *Flanders vs. Thompson.*—1 *ditto* 100, *Tappan vs. Bellows.*—12 *Mass. Rep.* 319, *Little vs. Hasey.*—8 *D. & E.* 424, *Brown vs. Compton.*

So where a court of limited jurisdiction takes cognizance of a cause, not within its jurisdiction, the whole proceeding is *coram non judice* and void. 10 *Coke* 65, *The case of the Marshalsea.*—15 *John.* 152. *Cable vs. Cooper.*—13 *Mass. Rep.* 324, *Pearce vs. Atwood.*—10 *ditto* 70, *The inhabitants of Arundel vs. M'Colloch.*—2 *ditto* 492.—1 *Pick.* 180, *Commonwealth vs. Charlestown.*

But when a court has a general jurisdiction over the subject-matter of its proceedings, its doings, however erroneous, are not void. 17 *John.* 145, *Butler vs. Potter.*—8 *ditto* 69, *Wood vs. Peake.*—2 *Salk.* 674, *Prigg vs. Adams.*

In the case now to be decided, one objection to the proceedings of the sessions is, that due notice was not given to *the town* of Northfield. But we think, this defect does not render the proceedings void, although it may be an irregularity, for which they may be quashed. In several cases in Massachusetts, where the sessions adjudged highways to be necessary, before notice was given to the towns interested, the proceedings have been quashed upon a *certiorari*, but seem never to have been imagined to be void. 4 *Mass. Rep.* 627, *Commonwealth vs. Cambridge.*—8 *ditto* 188, *Commonwealth vs. Shelden et a.*—3 *ditto* 229, *Commonwealth vs. Peters.*

If then the notice given to the selectmen of Northfield cannot be considered the notice to the town, which the statute requires, still we are of opinion, that the proceedings are not void, and that their validity cannot be questioned in this case, on that ground.

Another objection to the proceedings of the sessions is, that one of the justices, without whom there was not a competent number present to do business, and who was interested in the cause, sat in the trial. In the case of *Hesketh vs. Braddock,* (3 *Burr.* 1847.) a judgment of the portmote court of the city of Chester was reversed by the great sessions for the county of Chester, and the reversal affirmed by the court of king's bench, because the person, who tried the cause, and the officer, who returned them, were interested in the cause. But it does not appear, that any person thought the judgment void on that account.

And we are of opinion, that although one of the justices of the sessions may have had an interest in this cause, this circumstance did not render the proceedings void.

*Judgment on the non-suit.*