#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF SULLIVAN, JULY TERM,

#### A. D. 1834.

---

## Asa Jones *versus* D. D. Winchester and G. T. Comings, his trustee.

A plea to the jurisdiction of the court is bad, if it give jurisdiction to no other court in this state.

In process of foreign attachment, a person who is not an inhabitant of this state cannot be held to answer as trustee, unless he had goods of the principal in his hands in this state, or had contracted to pay money, or deliver goods to the principal at some place in this state.

Debt upon a judgment rendered by a justice of the peace in the county of Windsor, Vermont, on the 1st March, 1833, for $44,19, damage, and $1,48, costs.

Winchester was described in the writ as of Woodstock, Vermont, and the plaintiff as of the same place. But Comings, was described as of Cornish, in this county.

The trustee filed a plea as follows :—

And now the said G. T. Comings comes and defends, &c. and saith that he ought not to be held to answer, &c. because he saith that he, the said Comings, at the time

when he was summoned, was, and for a long time before had been, and still is, an inhabitant and citizen of the state of Vermont, and this he is ready to verify, wherefore, he prays judgment, if he ought to be held to answer.

To this plea there was a general demurrer and a joinder in demurrer.

*Coolidge,* for the trustee.

*H. Chase,* for the plaintiff.

GREEN, J. delivered the opinion of the court.

The plea filed in this case is in its nature a plea to the jurisdiction of the court, and as such is clearly bad. A plea to the jurisdiction of the court in a transitory action, is proper, where some court in the state has jurisdiction, but not the court in which the action is brought. 3 Mass. Rep. 24, *Rea* v. *Hayden* ; 5 ditto, 362, *Lawrence* v. *Smith* ; 1 Chitty's Pl. 432.

But in this case the action was brought in the proper court, if any court in the state has jurisdiction. The trustee must answer farther.

It appears by the writ that the plaintiff and the principal are inhabitants of another state. The trustee has alleged, in his plea, that he is also an inhabitant of the state of Vermont.

If all the parties shall be found to be inhabitants of another state the trustee cannot be charged in this suit, unless he had goods of the principal in his hands in this state, at the time the writ was served upon him, or had contracted to pay money, or deliver goods to the principal at some particular place in this state.

In general, mere choses in action are to be considered with respect to a suit of this kind as local, and not as following the person of the trustee to any place where he may be transiently found. 10 Mass. Rep. 343, *Tingley* v. *Bateman* ; 3 Pickering, 302, *Ray* v. *Underwood.*