## SMITH, Adm'x, *vs.* KNOWLTON.

The presumption is that a party continues to live until some evidence is offered to rebut it. But evidence that he has not been heard of for the term of seven years, rebuts this presumption of the duration of life.

In such case the death is not generally presumed to have occurred until the expiration of the time.

The jury may find, as a matter of fact, that a party died within a much less period after he was last heard of, on circumstantial evidence which leads their minds to such a conclusion.

A judgment of a court which has no jurisdiction of the cause is entirely void.

Where the court has jurisdiction of the cause and the parties, and proceeds er-
roneously, the judgment, notwithstanding the error, is binding until it is va-
cated or reversed.

When a minor is emancipated, his earnings go to his administrator, upon his
decease, to be distributed according to law.

ASSUMPSIT for money had and received.

The defendant pleaded the general issue, and filed a brief
statement, setting forth that a judgment was recovered by
Meshech B. Trundy against him, as trustee of Josiah D.
Smith, the plaintiff's intestate, August term, 1831, upon
which he should rely as a bar to this action.

It appeared that the intestate, on the 27th of September,
1828, sailed as one of the crew of the schooner Sarah At-
kins, from the port of Portsmouth, to the south seas, on a
sealing voyage—that a letter was received from him, dated on
board said vessel, at the Falkland Islands, April 14, 1829—
that neither said Josiah, or said schooner, has ever since been
heard of, except by some rumors respecting the vessel, which
never have been traced to any authentic source.

Testimony was introduced to prove the dangers of the
sealing voyage, and to show the presumption that the vessel
and crew were lost within two years from the time the
schooner sailed from the port of Portsmouth.

Previous to April 14, 1829, a quantity of skins were taken
by the Sarah Atkins, put on board another vessel, sent to
London, and sold there. The proceeds were received by the
defendant, in November, 1829, and the defendant had ac-
knowledged that the part of the proceeds he received, be-
longing to said Josiah, was about $72.

The intestate was born October 2, 1809.

Letters of administration on his estate were granted to
the plaintiff, Anna C. Smith, August 10, 1836 ; and after
her appointment she requested the defendant to pay over
the monies, so received, to her, which he declined doing,
having previously paid over the amount in his hands, on a
judgment against him, as trustee of said Josiah, as hereafter
stated.

Smith *v.* Knowlton.

In 1828, the intestate was a partner in business, a short time, with one Staples, which partnership was dissolved prior to September 27, 1828.

Meshech B. Trundy, having a note against the partnership, commenced an action thereon, returnable January term, 1829, in which the defendants were described as of Portsmouth, on which he attached certain goods of the partnership; and he took judgment against them, without any continuance, both of them being absent from the state at that time, and when the action was commenced. Execution issued, and was satisfied in part, leaving a balance of $57·12.

On the 23d of September, 1830, Trundy brought a new action against them, founded on the judgment, and summoned the defendant as trustee. This action was returnable to the superior court, January term, 1831, and the sum demanded in damages was *one hundred dollars* only. The action was continued to the next term, for notice to the defendants, and a notice was published, by order of court, in a newspaper.

Judgment was rendered in said suit, at the next term, against the principals, and against the defendant as trustee of the intestate.

It appeared that Trundy gave the defendant an obligation to indemnify him against any liability he might incur in consequence of consenting to a judgment against him as trustee, and he paid over the money upon that judgment.

The parties agreed that if this action could be sustained on these facts, judgment should be rendered for the plaintiff, otherwise for the defendant.

*Hackett*, for the defendant. 1. We contend that the judgment in the suit, Trundy against the plaintiff's intestate, is a bar to this action. The court will only enquire if there be such a judgment. If the subject matter is within the jurisdiction of the court, the judgment until reversed is conclusive. 1

*N. H. Rep.* 35; 7 *T. R.* 269; 11 *Mass. R.* 507; 15 *Mass. R.* 186; 5 *N. H. Rep.* 259.

2. If the court shall discover defects in the judgment, which might induce them to reverse it if regularly before them for the purpose of being reversed, they will not consider these defects in this suit. They cannot be examined collaterally. A judgment cannot be reversed in this side way. 15 *Mass. R.* 185; 2 *H. Black.* 415; 2 *Burr.* 1008; 1 *Johns. Cas.* 436; 9 *Mass. R.* 125; 13 *Pick. R.* 381; 3 *Pick. R.* 33; 1 *Pick. R.* 435, in which case the court will find this doctrine distinctly laid down and adopted.

3. If this judgment were reversed, the plaintiff's remedy would not be against this defendant, but against Trundy, the plaintiff in the suit against the plaintiff's intestate. If this judgment were reversed, Trundy would hold funds received upon a void judgment. He now holds the funds by the force of the judgment; and when that force is removed, he is clearly liable to the rightful owner. It would be so on general principles. And our statute regulating trustee process (p. 504, § 14) clearly protects this defendant. He is a stranger to the judgment of Trundy *vs.* Smith.

4. The case finds that the plaintiff's intestate was a minor when his earnings went into the hands of the defendant. We contend that the earnings of a minor go to the father or guardian, and not to his administrator.

*Claggett,* for the plaintiff, contended for the following propositions. 1. Smith was dead when Trundy took judgment against him, at August term, 1831. A judgment against a deceased person is unlawful, and may be set aside at any time on motion. 3 *Bos. & Pul.* 549, *Taylor* vs. *Harris;* 4 *Taunt.* 884, *Ireland* vs. *Champneys.* The court could have no jurisdiction of the suit against him, on account of his death. The action which Trundy commenced against Smith & Staples was founded upon a joint debt, against them as copartners. Upon the death of Smith, the action

survived against Staples.  *Bac. Abr., Obligation;* 1 *Chitty's Pl.* 137.

2. The court had no jurisdiction of that suit, because the sum demanded in damages did not exceed the sum of one hundred dollars.  The statute of January 2, 1829, giving the superior court concurrent jurisdiction with the court of common pleas, in personal actions wherein the sum demanded in damages shall exceed one hundred dollars, was in force when Trundy commenced his second action, on the 24th of September, 1830.  *N. H. Laws* 510.  The want of jurisdiction appeared upon the face of the papers.  This is a fatal objection to the whole proceedings.  9 *Johns. R.* 239, *matter of Ferguson;* 2 *T. R.* 644, *Owen* vs. *Hurd; Bull. N. P.* 66, 83; 1 *Binn.* 138, *Mannhardt* vs. *Soderstrom; Ditto* 219, *Moore* vs. *Wait;* 2 *Dall.* 368, *Ketland* vs. *The Cassius;* 3 *Dall.* 19, *Bingham* vs. *Cabbot.*  Three of the cases cited by the defendant's counsel, viz., 11 *Mass.* 507, *Smith* vs. *Rice;* 1 *N. H. Rep.* 35, *Tilton* vs. *Gordon;* and 9 *Mass.* 125, *Loring* vs. *Bridge,* are authorities, by legal inference, to show that if courts have no jurisdiction, the proceedings are void.

3. Neither the first or second writs in favor of Trundy were ever served upon Staples or Smith, in the mode prescribed by the statute, or any other mode.  No judgment against a person, without notice of the suit, can be sustained unless in specified cases, viz., after two continuances, and filing a bond to respond judgment on review ; or after six continuances ; or unless the debtor lives out of the state, or his residence be unknown when his property found in the state is attached, and public notice given in the newspapers.  Vide 13th and 14th sections of the act of January 2, 1829 ; *N. H. Laws* 92, 93.

4. The defendant was guilty of legal collusion with Trundy, to defraud the heirs and creditors of Smith.  His taking a personal bond for his indemnity goes to corroborate this matter.  He cannot avail himself of the judgment, for that

reason.    13 *Mass. R.* 153, *Hull* vs. *Blake ;* 3 *Caines' R.* 129, *Coffin* vs. *Tracy ; Peake's Ev.* 76.

5. The position that the earnings of a minor do not go to his administrator, we think is not sound.

PARKER, C. J.    We are not aware of any rule or principle on which we can presume that Josiah D. Smith was dead in September, 1831, when the judgment was rendered against him, in the action in which the defendant was charged as his trustee.

The presumption is that a party continues to live, until some evidence is offered to rebut it.    2 *East's R.* 313, *Wilson* vs. *Hodges.*    But evidence that he has not been heard of for the term of seven years, rebuts this presumption of the duration of life.    6 *East's R.* 85, *Doe* vs. *Jesson ;* 2 *Bay's R.* 479, 480, *Woods* vs. *Admrs. of Woods ;* 2 *Camp. R.* 113, *Hopewell* vs. *DePinna ;* 4 *Barn. & Ald.* 433, *Doe* vs. *Deakin.*

In such case the death is not generally presumed to have occurred until the expiration of the time.    The presumption of death does not relate back to the time when the party was last heard of, or to any intermediate time.    10 *Pick. R.* 515, *Newman* vs. *Jenkins.*

Where there are conflicting presumptions, it has been held that the presumption of the continuance of life will yield to the presumption of innocence ; as, where a woman married again within a little more than twelve months after her husband went abroad.    *The King* vs. *The Inhabitants of Twyning,* 2 *Barn. & Ald.* 386.

The period of seven years it is said has been fixed from analogy to the statute of bigamy, and the statute concerning leases determinable on lives.    1 *Phil. Ev.* 197 ; 2 *Stark. Ev.* 458.

Our statute authorizing this court to decree a divorce where the husband or wife has been absent for the term of three years without having been heard of, will hardly war-

Smith *v.* Knowlton.

rant us in adopting that as a period at the expiration of which the presumption of life is rebutted here; for although one reason for the passage of the act probably was the possibility that the party might be dead at the expiration of that time, it does not seem to be predicated entirely on such a presumption. If, however, we could make that presumption, it would not avail in this case, as a letter had been received from Smith within three years next previous to the rendition of the judgment. And we are not aware of any authority upon which the dangers of a sealing voyage will authorize the court to draw such a conclusion, at the expiration of two years, respecting a party who has embarked on such a voyage.

The jury may find, as a matter of fact, that a party died within a much less period after he was last heard from, on circumstantial evidence which leads their minds to such a conclusion. 1 *W. Black. Rep.* 404, *Rowe* vs. *Hasland*; 1 *Stark. N. P. R.* 121, *Watson* vs. *King;* 18 *Johns. R.* 143, *King* vs. *Paddock.*

To the second objection to the judgment, that the sum demanded in damages was not sufficient to give jurisdiction to the court rendering it, and that the proceedings are therefore void, no sufficient answer seems to be given.

The statute of December 21, 1824, to establish a court of common pleas, enacted, among other things, that the court of common pleas should have original jurisdiction in all civil actions arising within the several counties; with a proviso, that the superior court should have original jurisdiction, concurrent with the common pleas, of all real actions, and of all personal actions wherein the sum demanded in damages should exceed one hundred dollars; and then made a further provision, that in all personal actions commenced in that court, if the plaintiff should not recover the sum of one hundred dollars, he should not recover any costs, but the defendant should recover costs, and have a separate judgment therefor. That this act made the original jurisdiction of this court, in personal actions, depend upon the *ad damnum* in

the writ, is very clear.    2 *N. H. Rep.* 322, *Hoyt* vs. *Molony.*
The further provision respecting the costs, was intended to
regulate the matter, and prevent the demand of a greater sum
in damages than one hundred dollars, when the party had no
expectation of recovering more than that sum.

The act of January 2, 1829, to declare the jurisdiction of
the court of common pleas and of the superior court of ju-
dicature, passed upon a partial revision of the laws, contain-
ed a similar clause respecting the jurisdiction of this court
in personal actions, omitting the clause respecting the costs;
and gave the common pleas final jurisdiction in cases where
the damages demanded did not exceed fifty dollars.    This
act was in force when the action was instituted in which the
defendant was summoned as trustee, and when the judgment
was rendered.    The sum demanded in damages not exceed-
ing one hundred dollars, the action was of course not regu-
larly brought in this court.    Had the attention of the court
been called to the fact, by a motion, it must have been dis-
missed for want of jurisdiction.    2 *N. H. Rep.* 322; 2 *Dall.
R.* 368; 1 *Binn. R.* 138.

The court having no jurisdiction of the cause, the whole
proceedings are void, and the judgment cannot protect the
defendant from this action.

Where a court has jurisdiction of the cause and the par-
ties, and proceeds erroneously, the judgment, notwithstand-
ing the error, is binding until it is vacated or reversed.  This
distinction is well settled.    3 *N. H. Rep.* 269, *Gorrill* vs.
*Whittier;* 10 *Co.* 76, *The Case of the Marshalsea;* 1 *Pe-
ters' S. C. R.* 340, *Elliot* vs. *Piersol;* 12 *Johns. R.* 256, 267,
*Smith* vs. *Shaw;* 19 *Johns. R.* 33, *Mills* vs. *Martin;* 9 *Cow-
en's R.* 227, *Latham* vs. *Edgerton;* 8 *D. & E.* 424, *Brown*
vs. *Crompton;* 3 *Binn. R.* 410, *Hecker* vs. *Jarratt;* 17
*Johns. R.* 290, *Prescott* vs. *Hull;* 4 *Johns. Ch. R.* 468; 20
*Johns. R.* 268, *Holmes* vs. *Remsen;* 1 *Pick. R.* 440, *and
cases cited.*

Smith *v.* Knowlton.

The objections to the service and notice, in this view of the matter, become immaterial.

The exception taken by the defendant to the maintenance of this action, on account of the infancy of Smith, the intestate, must be overruled. There is sufficient evidence tending to show that he was emancipated, and nothing to rebut it. He is shown to have been in partnership with another person, doing business for himself, prior to the time when he embarked on the voyage out of which this demand arose, and the defendant acknowledged that part of the proceeds belonged to him. So far from there being any evidence to control this, the case does not even find that he had either a father or mother living.

*Judgment for the plaintiff.*