# CARROLL,

## DECEMBER TERM, A. D. 1845.

### HUNTRESS & a. v. EFFINGHAM.

If, upon the return of an order of notice upon a petition for a highway, a town suffer default, they cannot, upon the report of the commissioners, object that application was not made to the selectmen to lay out the road, upon which they refused, before the petition to the court was instituted, if such facts are affirmed in the petition itself.

It is necessary in a petition for a highway addressed to the court, to state all that is required to give jurisdiction; and such material allegations being confessed by the default of the town, objections to the jurisdiction cannot afterwards be taken.

PETITION for a highway in Effingham. The petition was made and filed and the order of notice issued on the 22d day of March, 1843, and returned at the April term of the court of common pleas, next ensuing, where the defendants were defaulted. The petition was referred to the road commissioners, at the coming in of whose report at the April term, 1845, the town appeared, and objected to its acceptance, for the reason that, as they offered to show, there had not been such an application to the selectmen of Effingham to lay out the road prayed for, and such refusal of the selectmen to lay it out, as afforded legal ground for the court to proceed. The petition alleged such application and refusal.

The court overruled the objection, upon the ground that the town was precluded, by having suffered a default, from taking such an objection.

*Dearborn*, for the defendants, referred the court to the following authorities: *Hoit* v. *Molony*, 2 N. H. Rep. 322; 1 Chit. Pl. 426–8; 1 Saund. Rep. 98; 10 Co. 68; Bac. Abr., Court D.; 1 E. 352; 6 do. 583; 1 Mass. Rep. 547; 3 do. 24.

*Hobbs*, for the petitioners.

WOODS, J. The jurisdiction of the court of common pleas over petitions for the laying out of highways, is limited and special, depending upon particular exigencies described in the statute. In such cases a well founded and established rule of pleading requires that the petition to the court should contain a statement of all the facts necessary to give jurisdiction to the court; and if it fail to do so the proceedings may be suppressed at any stage. 1 Williams' Saund. 74, n. 1, *Peacock* v. *Bell; Hoit* v. *Molony*, 2 N. H. Rep. 322; *Cooke* v. *Powell*, 2 Ld. Raym. 1310. These allegations being material, must not only be stated, but, if not admitted, proved. 1 Greenl. Ev., sec. 51; 1 Chit. Pl. 428 (ed. 1809), chap. 6.

Now it is perfectly settled, by numerous authorities, that a default is in effect a confession, by the party suffering it, of all the material allegations contained in the bill, declaration or petition, by which the cause of action or the plaintiff's case is exposed upon the record, the denial of any one of which would render the proof of it necessary, on the part of the plaintiff or actor, to establish his claim to the interposition of the court which he has invoked. *Bates* v. *Loomis*, 5 Wend. Rep. 134; *Foster* v. *Smith*, 10 do. 378.

In this case, it is not disputed that enough was stated in the petition to show that the court of common pleas had jurisdiction. What was stated was admitted by the default. It would not be reasonable, nor would it be conformable to the well established technicalities of the

law, to suffer a cause which has proceeded regularly to the point of deciding the merits of the controversy, to be embarrassed or retarded by permitting allegations to be made, inconsistent with what has been admitted, and which the defendants might have made at a stage of the proceedings when their proof might have prevented a great amount of trouble and expense which the parties have since incurred.

The report must therefore be accepted.

*Report accepted.*