Weld *v.* Locke.

## WELD *v.* LOCKE.

In an action of assumpsit, for money had and received, the defendant pleaded a discharge in bankruptcy. The plaintiff replied that, in the proceedings of the defendant in obtaining his discharge, the defendant was guilty of fraud, and of the wilful concealment of his property and rights of property. The defendant rejoined, traversing the fraud and the wilful concealment, and concluding to the country;—*Held*, on demurrer, that the rejoinder was bad; that the replication was bad also, and that the plea was good, notwithstanding it contained no specific averments that the debt was one provable under the bankruptcy, or that the defendant had received a certificate of discharge, or that notice of a hearing was given to the creditors, before the discharge was granted.

ASSUMPSIT, for money had and received.

Plea, that the cause of action was a debt, owing by the defendant, February 14, 1842; that on that day he was a citizen and resident in the district of New-Hampshire, and applied to be admitted to the benefit of the bankrupt act, and was declared a bankrupt; and that November

21, 1842, it was decreed by the court that he be fully discharged from all his debts.

The plaintiff replied, "that in the proceedings of the defendant, in obtaining the supposed decree, the defendant was guilty of fraud, and of the wilful concealment of his property and rights of property, contrary to the provisions of the said act."

The defendant rejoined, that in obtaining the decree he was not guilty of fraud, and of the wilful concealment of his property and rights of property, contrary to the provisions of the act; concluding to the country. The plaintiff demurred to the rejoinder.

*French,* for the plaintiff, cited Steph. Pl. 215; 1 Chit. Pl. (8th Am. Ed.) 228, 649; 1 Bing. N. C. 223; 2 Saund. 205; 2 N. H. Rep. 309; 3 N. H. Rep. 121; 1 Saund. 337, a, n. 3; Com. Dig., Pl., 2, 4.

*Bell & Tuck,* for the defendant, cited 1 Chit. Pl. 212, 213; 2 Johns. 96; 3 C. & P. 364; 1 Pick. 497; 1 D. & E. 748; 2 Chit. 665.

PARKER, C. J.    Unless fraud and the wilful concealment of property and the rights of property can be regarded as substantially the same thing, this rejoinder is bad, in attempting to put in issue several distinct matters, each of which would form the subject of a material issue.    But fraud and the wilful concealment of property cannot be regarded as identical.    It is true that the wilful concealment of property may be fraudulent, but the allegation of fraud may cover much more than that. Under that allegation the plaintiff might prove acts entirely disconnected from the wilful concealment of property, while such wilful concealment would of itself be a sufficient answer to the plea of the discharge.

The defendant's counsel do not appear to rely upon the

Weld *v.* Locke.

sufficiency of the rejoinder, but contend that the replication is bad; and as the traverse of the rejoinder is in the very terms of the replication, if the former is bad because it attempts to put two distinct and material facts in issue, the latter must be bad, in having alleged two several answers to the plea. It might not have been safe for the defendant to have taken issue either upon the allegation of fraud, or upon that of the concealment of property and rights of property, leaving the other unanswered. That might have left sufficient, confessed by implication, to have entitled the plaintiff to judgment. But he could have demurred, and he reaches the objection to the same effect, when his rejoinder is held bad on the plaintiff's demurrer.

The replication is bad, also, in not setting forth the particular fraud upon which the plaintiff relies to defeat the discharge. The act of Congress provides that the defendant must have notice in writing, and a specification of the fraud, before the trial. This applies to suits in the several States, whatever their forms of proceeding, but we do not understand that it was intended to alter the forms of pleading. Where the proceedings are according to the course of the common law, the proper mode of giving that notice and specification is to aver the matter in the replication. It would seem that an averment of the specific matter which is supposed to constitute the fraud would be requisite, without such a provision in the act. 2 Johns. 96, *Service* v. *Heermance;* 1 Pick. 497, *Willington* v. *Stearnes.* This is a defect in substance, if the other was not.

The plaintiff then falls back upon alleged defects in the plea: (1) in not setting forth that the plaintiff's debt was provable under the bankruptcy; (2) in not alleging that a certificate of discharge was obtained; (3) in not averring that notice for a hearing was given to the creditors, before the decree of discharge.

All these objections must be overruled. The discharge is general, and no special averment that the plaintiff's debts was provable is necessary. The nature of the demand shows it to be so, *primâ facie* at least. The decree of discharge is the matter which operates as a bar to the suit. The certificate is the evidence of the fact. And no averment of notice to the creditors was necessary. The court had jurisdiction, and authority to make the decree. 3 N. H. Rep. 265, *Gorrill* v. *Whittier;* 11 N. H. Rep. 191, *Smith* v. *Knowlton.* As the pleadings stand, the defendant is entitled to judgment.