## FLANDERS *v.* .ATKINSON.

The court of common pleas is a court of general jurisdiction, having cognizance of all causes not shown to be within the cognizance of other courts. The jurisdiction of a justice of the peace is special, and must be shown on the face of the proceedings.

If an action be brought in the court of common pleas, and no *ad damnum* be named in the writ, the court has jurisdiction, and may order an amendment.

DEBT. The defendants were summoned to answer to the plaintiff in a plea of debt, that to the plaintiff they render the sum of $110, which it was alleged the town owed to the plaintiff, and unjustly detained from him. There were several counts in the writ for penalties alleged to have been incurred for a neglect to erect and keep guide-boards at the intersection of roads in said town; but the writ contained no allegation that the matters alleged were to the damage of the plaintiff in any sum. The defendant moved to quash the writ for this reason; whereupon the plaintiff moved for leave to amend, to which the defendants objected, alleging that the court had no jurisdiction of the action.

*Bowman*, for the plaintiff, cited Rev. Stat., chap. 172, sec. 3; chap. 182, secs. 10, 11; chap. 186, secs. 10, 11.

The court of common pleas has jurisdiction except where justices of the peace and the supreme court have. Amendments may be permitted where the court has jurisdiction of the cause. *Hoit* v. *Molony*, 2 N. H. Rep. 322.

*Porter*, for the respondent. The two courts have no concurrent jurisdiction. The constitution authorizes the creation of jurisdictions. The jurisdiction does not depend on the amount at issue, but on the damages demanded. He cited 1 Chit. Pl., 424; 1 E. 352; 4 Bur. 2244;

7 T. R. 359; 1 do. 151; 6 E. 583; 1 do. 352; 6 do. 600; and insisted that the court of common pleas was a court of limited, and not general jurisdiction.

Woods, J. A motion is made to amend the writ by inserting the *ad damnum*, which has been wholly omitted. This motion is resisted, not upon the ground that that material part of the writ does not come within the general provision of the statute which authorizes the court to grant amendments, but because there is nothing to show that the court has jurisdiction of the cause. If the court has no jurisdistion, then, by the decision in *Hoit* v. *Molony*, 2 N. H. Rep. 322, it cannot exercise a discretion in allowing an amendment to be made that would, if it could relate back to the inception of the process, confer jurisdiction; so that the material question is, whether the court of common pleas has jurisdiction of the case without the amendment; or, in other words, whether, in actions brought in the court of common pleas after the course of the common law, it is necessary in pleading to give that court jurisdiction.

A general rule on this subject, stated as having been a well settled one, and referred to as such in *Peacock* v. *Bell*, 1 Saund. 73, is this: "That nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be, so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged."

So Lord *Hardwick*, in *The Earl of Derby* v. *The Duke of Athol*, 1 Ves. 202, in reference to the same rule, uses this language: "But I cannot put this, which is a superior court of general jurisdiction, in whose favor the presumption will be that nothing will be intended to be out of its jurisdiction which is not alleged and shown to be so, upon the level with an inferior court of a limited local jurisdic-

tion, within whose jurisdiction nothing shall be intended to be which is not alleged to be so."

These words are cited by Lord *Ellenborough,* in *The King* v. *Johnson,* 6 East 600, and numerous cases attest the general acquiescence of the courts in the rule, and in its necessary corollary, or sequel, that in actions in inferior courts it is necessary that every part of that which is necessary to bring them within the jurisdiction, must be set out. *Rex* v. *Liverpool,* 4 Bur. 2244; *The King* v. *Bagshaw,* 7 T. R. 363; *Tower* v. *Wall,* 1 do. 151.

It was decided in *Peacook* v. *Bell,* which has been cited, that the court of the county palatine of Durham was, so far as to admit the application of the rule laid down, a superior court. For although it is inferior to the King's Bench, yet so also is the common bench; " yet it is an original and superior court, of which the law takes notice; and so is the court of the county palatine."

The same is said of the courts of great sessions, in Wales, county palatine of Chester, and the court of Ely. 1 Saund. 74, note (1).

The jurisdiction of the court of common pleas is defined by the Revised Statutes, chapter 172, section 3, so far as it is necessary to consider it with reference to the question presented by this case.

" The court of common pleas shall have original jurisdiction of all civil actions in which the proceedings shall be according to the course of the common law, except in cases where justices of the peace have jurisdiction, and where the proceedings must be commenced by writs of which the superior court has exclusive jurisdiction."

By chapter 172, section 1, jurisdiction is given to justices of the peace, of " all pleas and actions in which the title to real estate shall not be drawn in question, when the damages demanded do not exceed thirteen dollars and thirty-three cents." And this statute, made in execution of the power conferred by the constitution, to give that

jurisdiction to such magistrates, is nearly in the terms of the constitution itself, and seems to exhaust the power, it confers.

Now in comparing these two courts, as established by the statutes that have been cited, there is no difficulty in determining that the jurisdiction of one is limited to a certain class of actions, and is, in the obvious and ordinary, as well as technical sense of the term, inferior; while the jurisdiction of the other, conferred in general and very comprehensive terms, embraces all actions in which the proceedings are after the course of the common law, that do not fall within the peculiar cognizance of justices of the peace, or of the superior court.

Of this jurisdiction, although in a sense inferior to that of the superior court, with reference to whose general superintendence of all courts of inferior jurisdiction, and other powers enumerated in the statute defining them, all other courts of the State are deemed inferior, it may be said with more significance than was said of the common bench and the courts of the county palatine, in the case last referred to, that "it is an original and superior court."

The broad and residuary terms by which its jurisdiction is described appear to have been designed to create the legal presumption " that nothing shall be intended to be out of. it, that is not alleged and shown to be so."

It is not necessary, therefore, in actions in the court of common pleas, to bring the case within the jurisdiction by the declaration; for every thing will be intended to belong to it that is not shown to belong to that of another court. *Jones* v. *Winchester*, 6 N. H. Rep. 497; *The King* v. *Johnson,* 6 East 595.

The present action does not appear to be one of those of which the exclusive original cognizance is with justices of the peace. The sum demanded in damages does not appear not to exceed the limits of that jurisdiction. There

is nothing apparent on the face of the writ that gives jurisdiction to any court. It falls, therefore, into the general and residuary jurisdiction of the superior tribunal, and not into the limited and inferior jurisdiction within which nothing is presumed to be, till it is shown.

The case is, therefore, within the jurisdiction of the court in which the action was brought, and the amendment, like other amendments of form or of substance, may, in the discretion of that court, be allowed.

*The plaintiff has leave to amend.*