# ROCKINGHAM,

## JULY TERM, A. D. 1852.

---

## SAWYER *v.* THOMPSON *& Trustee.*

Where the trustee and principal defendant were set up in the writ as being inhabitants of this State, and the trustee pleaded in the usual form, that at, &c., he had not in his hands, &c., any money, &c., and the plaintiff elected a trial by the jury, and tendered an issue " that the said trustee had money," &c., as set forth in the plaintiff's declaration ; it was *held* that the trustee was not thereby precluded from the right of proving in his defence, that he was not, at the commencement of the action, an inhabitant of this State, and was not indebted to the principal defendant upon a contract or promise to be performed within this State.

In the process of foreign attachment, where none of the parties are inhabitants of this State, the party summoned as trustee is not chargeable as the debtor of the principal defendant, unless upon a contract or promise, to be performed within this State.

REVIEW of an action of assumpsit, granted by the superior court on petition of the trustee, against whom judgment was rendered on default in the original action.

The principal defendant and the trustee were described in the original writ and writ of review as of Salem, N. H., and the plaintiff as of Lawrence, Mass.

The officer returned on the original writ, which was dated September 15, 1848, that on the 15th of September, 1848, he attached the "money," &c., " of the defendant, by leaving at the last and usual place of abode of Thomas Fittspatrick, a true and attested copy of this writ," and also summoned the defendant,

Sawyer *v.* Thompson & Trustee.

by leaving at his last and usual place of abode a true and attested copy of the writ.

At this term the trustee pleaded in the usual form, and the plaintiff having elected a trial by jury, tendered an issue " that the said Fittspatrick had money," &c., as set forth in the plaintiff's declaration.

The plaintiff, by his specification, claimed that the trustee was indebted to the defendant for the work and labor of the defendant, and of his hands and *horses*, done in the month of July, August and September, 1848, in the sum of $125,00, and gave credit for $44,00.

On trial, the evidence of the plaintiff tended to show that one Burke had a contract in July, 1848, for work to be done in Salem, N. H., on the Manchester and Lawrence Railroad: That Thompson and other men were then in the employment of Burke, and that Fittspatrick in that month took a job of Burke on the road, and continued the work begun by Burke, employing Thompson and other hands as they had been before employed by Burke, and that Thompson continued to work in this way for the trustee until September 6, 1848.

The trustee introduced evidence tending to show that about the same 6th of September, the contract between him and Burke was given up; that Burke assumed the payment of all the liabilities contracted by the trustee in the work, and paid and discharged them.

It appeared that Thompson in 1848 resided in Charlestown, Mass., and in July that year went to Salem to work on this road for Burke, leaving his family at Charlestown, and boarding at a private house in Salem: That previous to the 6th of September he went to Connecticut, and engaged himself to work on a railroad in that State; came back to Salem, and on the 6th of September stopped work there, and on the 10th of September left Salem and this State, and went to Connecticut, and remained there several months.

It also appeared that the trustee had resided for twenty-six years preceding the trial, and now resides, in Boston, Mass.:

that his family, while he was engaged in Salem on the said road, resided in Boston: that he went home to Boston on Sundays, and boarded at a private house in Salem; that previous to the 10th of September, 1848, he gave up his contract with Burke and returned to Boston, and has never since had any residence, permanent or temporary, in this State.

The court directed a verdict for the trustee, which the plaintiff moved to set aside.

*Marston*, for the trustee.

1. The trustee was not liable to be summoned as trustee, because he was not a resident within the State, and was not personally amenable to the jurisdiction of the court. *Ray* v. *Underwood & Trus.* 3 Pick. 302; *Hart* v. *Anthony & Trus.* 15 Pick. 445; *Danforth* v. *Penny & Trus.*, 3 Met. 564; Cushing's Trustee Process, chap. 2, § 316.

2. The court have no jurisdiction of this action whatever, because, at the time of the alleged service of the writ, neither of the parties to the action had any residence, temporary or otherwise, in the State of New-Hampshire. *Tingely* v. *Bateman & Trus.* 10 Mass. 343.

3. Whatever form of pleading may be adopted, the court will discharge the trustee when it appears, either by the record of the court or the admission of the parties, or the verdict of the jury, that he was not a resident within the State, and was not amenable to its jurisdiction.

4. Effects in the hands of a trustee are to be considered as local, and the process as a proceeding *in rem.* There can no more be an attachment of property beyond the jurisdiction of the court, by means of the trustee process, than by the ordinary mode of attachment. *Tingely* v. *Bateman*, and *Danforth* v. *Penny*, before cited.

*Stickney & Tuck*, for the plaintiff. The trustee cannot, in the present state of the pleadings, avail himself of the defence that

at the service of the writ he was not a resident of this State. He has waived it by his plea.

Though the trustee process by our law goes against the principal defendant and trustee in the same action, yet they are considered and treated by the court as separate and distinct actions, as much so as if brought separately ; and where several trustees are summoned in the same action, it is considered as separate against each trustee. *Ingraham* v. *Olcock*, 14 N. H. Rep. 243. The same principle, therefore, in regard to pleading, should be applied to trustees as are applied to actions against principal defendants.

The principal defendant and trustee are described in the original writ and writ of review as of Salem, N. H. No exception, therefore, appears upon the face of the papers.

The plaintiff elected to try the question as to the trustee by the jury, and the trustee pleaded that he had not at the time of the service of the writ, and has not since had in his hands, any money, goods, chattels, rights or credits of the principal defendant, and thereof put himself on trial. He replied that he had in his hands money, &c., of the principal defendant, and the trustee joined that issue.

Now we contend that the trustee cannot under this plea prove, in defence of the action, that he was not a resident of the State at the time the action was commenced. By putting in this plea to the merits, he submits himself to the jurisdiction of the court ; he admits himself a resident of the State for the purpose of this trial, and waives any defence which he might have on the ground that he resided out of the State.

What is the question presented by the issue in this case ? It is, whether the trustee had in his hands any money, &c., of the principal defendant. Proving that he was not a resident in the State has no tendency to show that he was not indebted to the defendant. See Cushing's Trustee Process, 135.

Woods, J. The plaintiff is an inhabitant of Lowell, in Massachusetts, and is so described in the writ.

Thompson, the principal defendant, and Fittspatrick, the trustee, are described as residents of Salem, in this State. In point of fact, for many years before the service of the writ, and at that time, Fittspatrick was an inhabitant and resident of the city of Boston, in Massachusetts. Thompson, at and prior to the date of the service of this process, was an inhabitant of Boston also, but was at that time temporarily resident in the State of Connecticut.

No one of the parties was ever domiciled in this State.

This case being tried by the jury, the court directed a verdict in favor of the trustee.

The question for decision arises upon exception to the correctness of that ruling.

The plaintiff at the argument contended that it was erroneous and unwarranted, inasmuch as the principal defendant and trustee were set up by the writ as being inhabitants of this State ; and the trustee having pleaded in substance only that he had no money, goods, &c., in his hands and possession, &c., has thereby waived, and is precluded from relying upon the ground of defence that the trustee is not an inhabitant of this State.

It is well settled in this State and in other jurisdictions, that mere choses in action are considered, with reference to the trustee process, as local; and not as following the person of the trustee wherever he may be transiently found. By the custom of London, the garnishee must be a man resident within the city ; and a debt arising out of the jurisdiction is not attachable within the city, in the process of foreign attachment. 3 Lev. 23 ; Shower 10. In *Tingely* v. *Bateman & Trustee,* 10 Mass. Rep. 346, it is said, that " The summoning of a trustee is like a process *in rem.* A chose in action is thereby arrested and made to answer the debt of the principal. The person entitled by the contract or duty of the supposed trustee is thus summoned by the arrest of this species of effects. These are, however, to be considered for this purpose as local, and as remaining at the residence of the debtor or person entrusted for the principal, and his rights in this respect are not to be considered as following the debtor to,

any place where he may be transiently found, to be there taken at the will of a third person, within a jurisdiction where neither the original creditor nor debtor resides." This doctrine is approved in the opinion of the court in *Ray* v. *Underwood*, 3 Pick. Rep. 302; and it is most distinctly recognized and established in *Jones* v. *Winchester*, 6 N. H. Rep. 497. It is said in that case that " if all the parties shall be found to be inhabitants of another State, the trustee cannot be charged in this suit, unless he had goods of the principal in his hands in this State at the time the writ was served upon him, or had contracted to pay money or deliver goods to the principal at some particular place within this State." It appeared at the trial that none of the parties to the action were at the date of the service of this process inhabitants or residents of this State. It is true that the trustee and principal debtor are described as being inhabitants of this State at the date of the writ, but that is not decisive of the fact, and cannot conclude the party upon that point.

It is plain, that if such were to be the result, an intentional or accidental description of the residence of a trustee would conclusively estop him from showing the truth in that respect, in his defence. But the law is not so. Besides, in the present case, no such objection was taken at the trial to the evidence offered by the defendant in this behalf. Moreover, the ruling does not rest simply upon the ground of the foreign residence of the trustee, but also upon the strong ground that he owed no debt or duty to the principal to be paid or performed here.

The issue in this case will not preclude the right to make the defence relied upon. The issue in a case like the present is not merely whether the trustee has goods, money or credits of the principal debtor in his hands, but whether he has them in his hands under such circumstances that he is answerable for them, within this jurisdiction, where he is summoned.

The present is an attempt to charge the trustee for a chose in action, which is in the law regarded as local in reference to this action. The indebtedness attempted to be reached is between parties resident in other jurisdictions, who have never been dom-

iciled within this State, payable, and to be discharged in the foreign jurisdiction. But it is well settled that a chose in action is not reached by the trustee process, under circumstances like the present. It is regarded as having a *situs* and locality where the party resides. The payment cannot be enforced within this jurisdiction, by this process, of a debt due from a debtor residing in another State, and payable in that jurisdiction. A chose in action, in reference to the foreign process, stands precisely upon the same ground as chattels of the principal debtor, found in the possession of the trustee, located and deliverable by him in another State. The trustee is no more answerable for the chose in action, payable in the foreign jurisdiction, than for the goods that are located there. No lien is created by the service of the process upon either. Both classes of property are equally local.

To compel a performance of the contract in reference to either class of property, in a jurisdiction different from that of the stipulated performance, would be to allow a creditor of the principal debtor to enforce a contract in a manner different from its legal effect, and from the agreement of the parties.

We are, therefore, of opinion that the ruling of the court directing a verdict for the trustee, was correct, and that there must be

*Judgment on the verdict.*