LAMPREY v. NUDD.

The judgment of a court of competent jurisdiction is conclusive upon the parties, as to the matter in issue, and cannot be impeached in any collateral proceeding, so long as it remains unreversed.

Insanity of a defendant, at the time of the service of the original process, and until judgment rendered, where the defendant appears personally or by attorney, or not at all, is good cause to reverse a judgment on error.

The deed of a mortgagee in possession of the mortgaged premises, will convey his rights under the mortgage.

In a writ of entry, brought by a mortgagor against the assignee of the mortgagee, who has taken possession by virtue of an execution founded on a conditional judgment rendered upon his mortgage, the mortgagor cannot take advantage of his insanity at the time of the mortgage and judgment, while the judgment remains unreversed.

WRIT OF ENTRY. The demandant was the admitted owner of the premises until the 16th day of September, 1823. In support of his title, the tenant introduced the following evidence.

A copy of a mortgage to Wells Healey, dated September 16th, 1823, to secure a note for $931 and interest. A copy of a mortgage to Richard Greenleaf, dated January 31st, 1825, to secure a note for $275 and interest.

These instruments purported to have been duly executed by said Lamprey.

A copy of a judgment rendered by the superior court, held at Portsmouth, on the third Tuesday of February, 1826, in favor of said Healey against the plaintiff, upon a writ of entry counting upon the mortgage to Healey. The return of the officer upon the writ shows a legal service. The judgment, reciting that said Lamprey appeared by his attorney, George Sullivan, Esquire, was that said Healey recover possession of the premises, unless the sum of $934,43 debt, and the costs of suit, were paid in two months from the 15th of March, 1826.

A writ of possession upon the judgment, dated the 10th day of May, 1826, and executed upon the day after.

An agreement or admission, dated May 11th, 1826, and signed by Lamprey, in which he admits that Healey had on that day entered, under his writ of possession, and agreed to hold as his tenant and at his sufferance.

A copy of a judgment of the same court, held at Exeter, on the third Tuesday of September, 1826, in favor of said Greenleaf against Lamprey, upon a writ of entry counting upon said mortgage to Greenleaf.

The return of the sheriff upon the writ imports a proper service, and upon the back of it is an agreement for judgment as of mortgage for the sum of $302,52, signed for said Lamprey by George Sullivan, as his attorney. A writ of possession issued upon this judgment on the 30th of November, 1826, but does not appear ever to have been executed.

A copy of a deed from said Healey to said Greenleaf and James Leavitt, dated March 12th, 1827, for the consideration of $964,28.

A deed of his interest from Greenleaf to the defendant, dated May 25th, 1827, for the consideration of $700, and a deed from Leavitt of his half to the defendant, dated the 15th day of June, 1827, for the consideration of $660.

In answer to this, the counsel for the plaintiff proposed to prove that the property was of three times the amount of the debts upon it, and that both when the mortgages were given and when the judgments were recovered, and ever afterwards, the plaintiff was an insane person, and not capable of transacting any business.

To this the defendant's counsel objected that the judgment cannot be impeached in this collateral way; and his objection was sustained by the court, and the plaintiff's counsel excepted.

A verdict was, therefore, directed for the defendant, subject to the opinion of the superior court upon the case, and the questions transferred to this court.

*Marston* and *Emery*, for the demandant.

*Stickney & Tuck*, for the tenant, contended that the evidences of title above set forth establish the right of the tenant to the premises in dispute.

1.  Wells Healey, having recovered judgment against Lamprey in February, 1826, and having been in possession of the mortgaged premises from May 11, 1826, to the 11th day of March, 1827, when he sold to Greenleaf and Leavitt, had power to convey, even by a common quitclaim deed, all his interest in the mortgage debt and in the mortgaged premises. *Ellison* v. *Daniels,* 11 N. H. Rep. 284; *Bell* v. *Morse*, 6 N. H. Rep. 205; *Hunt* v. *Hunt*, 14 Pick. 374; *Freeman* v. *Mc Gaw*, 15 Pick. 82; *Barker* v. *Parker*, 4 Pick. 505. Consequently, said Healey's deed to Greenleaf and Leavitt, and the deeds of the latter, in May and June, 1827, to the tenant, conveyed to the latter all the interest in the debts and in the premises, which the original mortgagees had or could have acquired for themselves.

2.  To the title of the tenant the demandant's counsel proposed, first, to prove that the premises were of greater value than the mortgage debt. This could not be allowed with any regard to the common and statute law in regard to mortgages and their foreclosure. According to the laws of the State existing at the time, both the mortgage to Healey and the mortgage to Greenleaf had been foreclosed more than twenty-five years prior to the trial in this case. To admit testimony as to the value of the property originally or at the present time, with the view of annulling the title acquired by the express law of the land, was justly held by the court to be illegal and wrong.

3.  The proposal of the demandant's counsel to prove that the demandant, at the time the deeds were given and the judgment rendered, was and ever since has been an insane person, and not capable of transacting any business, was justly and legally denied by the court. Eminent and faithful counsel acted for Lamprey in 1827, and formed and signed an agreement for the judgment under which the ten-

ant has occupied the premises for more than the quarter of a century. It would be an impeachment of the counsel who acted in the case, to allow Lamprey to come into court, at the present time, and attempt a case of self-stultification, in order to recover the premises. The solemnities required in the execution of deeds, and the particular formalities attendant upon the judgments in question, cannot be subjected to the loose testimony of witnesses procured to prove the demandant a drunkard or a non compos, without a serious innovation and a dangerous precedent.

But this proposition is inadmissible, because its design is to impeach the judgment of a court competent to decide the subject-matter in question in a collateral manner, and in proceedings not specially instituted for that purpose.

The judgment of a court of competent jurisdiction is conclusive upon the parties as long as it remains in force. *Wallace* v. *Usher*, 4 Bibb 508; *Taylor* v. *McKnight*, 1 Miss. Rep. 282; *Wells* v. *Dench*, 1 Mass. Rep. 232; *Haydon* v. *Booth*, 2 A. K. Marsh. 353; 1 U. S. Dig. 644.

The judgment of a court cannot be attacked collaterally. *Tarbox* v. *Hayes*, 6 Watts 398; *Thompson* v. *O'Hanlan*, 6 Watts 492; *McLoud* v. *Selley*, 10 Conn. Rep. 390.

Where a court has jurisdiction, the judgment of that court, though erroneous, is binding on the parties till reversed. *Emery* v. *Nelson*, 9 S. & R. 12.

Had Lamprey been a lunatic at the time the tenant's grantors obtained the two judgments against him for the demanded premises, he cannot in this suit be permitted to show the fact. The judgment of a court against a lunatic is not void, but voidable.

In *Allison* v. *Taylor*, 6 Dana 87, it was held that a judgment against a lunatic, upon process served upon him only, his guardian not being a party to the suit, though erroneous, was not void. The lunatic's land may be sold under such a judgment.

Similar doctrine was held in *Robertson* v. *Lain*, 19 Wend.

649, and we have seen no authority in conflict with any of the authorities above cited.

BELL, J. It must be regarded as settled that the judgment of a court of competent jurisdiction over the subject-matter of an action and over the parties, upon any point directly put in issue, is conclusive upon them, and upon all who have derived their rights from them, until it has been reversed or set aside, by appeal or upon error, or other proceeding instituted for the purpose of its reversal. So long as it remains in force and not annulled or reversed, it is not liable to be impeached or questioned, when it is offered in evidence, or otherwise relied upon in any collateral proceeding, or in any proceeding not expressly devised by the law for its revision. *Gorrill* v. *Whittier*, 3 N. H. Rep. 265; *Smith* v. *Knowlton*, 11 N. H. Rep. 191; *King* v. *Chase* 15 N. H. Rep. 1; *Morse* v. *Presby*, 5 Foster's Rep. 299.

The fact that a person against whom a suit is commenced is, at the service of the process upon him, a person of insane mind, and that he so continued until judgment rendered, and that he appeared in person or by attorney, or not at all, is good cause to reverse the judgment upon a writ of error; though for reasons which we think inapplicable and without force here, and, perhaps, little creditable to the jurisprudence of an enlightened country, it seems not to have been so held in England. But, in such case, the defect in the proceedings renders them only voidable, and not void. *Allison* v. *Taylor*, 6 Dana 87; *Robertson* v. *Lain*, 19 Wend. 649.

Indeed, there are few defects in the proceedings of a court of justice which render the proceedings *void*, in the strict sense of that word, where the court has jurisdiction of the subject-matter of the suit. *State* v. *Richmond*, 6 Foster's Rep. 232.

In the present case it appears that the mortgagee, at the date of his conveyance to Greenleaf and Leavitt, under

which the defendant claims, had recovered a judgment against his mortgagor, had taken possession under his writ of possession, and had been in possession by his tenant for ten months. Under these circumstances, we think there can be no doubt that the deed of the mortgagee was entirely sufficient to convey his mortgage interest, though it did not in terms purport to convey the debt. *Hunt* v. *Hunt*, 14 Pick. 374 : *Freeman* v. *Mc Gaw*, 15 Pick. 82 ; *Bell* v. *Morse*, 6 N. H. Rep. 205 ; *Ellison* v. *Daniels*, 11 N. H. Rep. 284 ; *Smith* v. *Smith*, 15 N. H. Rep. 55.

It is every where held, upon the most satisfactory reasons, that a deed, made by a mortgagee of the property mortgaged, passed no interest, unless it is accompanied by a transfer of the mortgage debt. And it has been held here that a deed of mortgaged property before possession taken, conveys no interest, though the grantor holds the securities for the mortgaged debt, and has no other interest in the property he assumes to convey. Our statute (Rev. Stat. ch. 129, § 6,) provides " that a conveyance made by any person having a limited interest in any estate purporting to convey a greater interest in any estate than he possessed or could lawfully convey, shall pass to the grantee all the estate which he could lawfully convey;" and it might be doubted if the cause of equity and justice would be sacrificed, if it were held that the deed of a mortgagee, under such circumstances, would pass the equitable interest of the mortgagee, including his mortgage, though not specifically referred to ; *ut res magis valeat quam pereat*, since otherwise the deed must be entirely inoperative ; but it is not necessary, in this case, to consider this question further, since none of the decisions extend, in terms, to the case of a mortgagee in possession ; and the case of *Smith* v. *Smith*, 15 N. H. Rep. 55, expressly excepts them. In that case, the mortgagee was put in possession, by virtue of a writ of possession, before he executed his deed ; and *Gilchrist*, C. J., says : " He then being in possession by deed of warranty in

the ordinary form, conveyed the premises to the tenant. He was, then, if the notes had not been paid, a mortgagee in possession, by virtue of a process issued by a court of competent jurisdiction. He had a right to retain the possession as against the mortgager, and this right might be conveyed, so that his grantee would stand in his place, and would hold whatever right of possession was owned by his grantor." In respect to the possession under legal process, the present case stands on the same ground as the case of *Smith* v. *Smith.*

It can make no difference, in this case, that the judgment in the action upon the mortgage may be liable to be reversed on error, and that the further proceedings upon the foreclosure are voidable, since they all remain valid and effectual, until they are duly avoided by the proper proceedings for that purpose. *Smith* v. *Smith*, before cited.

The value of the property was a matter entirely immaterial, since none of the rights of the parties, legal or equitable, depended upon that question. The evidence on that subject was, of course, properly rejected.

If the plaintiff, by reason of his insanity at the date of the mortgage, and of the proceedings adopted to foreclose it, has rights not yet barred by the lapse of time, he may probably obtain redress by proper proceedings on the equity side of this court, which has ample powers in cases relating to the redemption and foreclosure of mortgages.

In the present action, there must be

*Judgment on the verdict.*