## Case No. 939.

### BANK OF THE UNITED STATES v. VOORHEES et al.

[1 McLean, 221.][1]

Circuit Court, D. Ohio. July Term, 1834.[2]

JUDGMENT PURCHASER — COLLATERAL ATTACK ON HIS TITLE.

1. A judgment of a court of general jurisdiction, having cognizance of a particular case, will protect the purchaser under the judgment, however erroneous it may be.

[Cited in Doe v. Litherberry, Case No. 13,-251.]

[See note at end of case.]

2. The levy of a foreign attachment under the law of Ohio, gives jurisdiction to the court.

3. The court of common pleas is a court of general jurisdiction. Much may be presumed in favor of the proceedings of such a court.

[See note at end of case.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Affirmed in 10 Pet. (35 U. S.) 449.]

4. A purchaser is not bound to look into the record, to see whether errors have not occurred, for which the judgment may be reversed. These matters are never examinable where the judgment comes before the court collaterally.

[See note at end of case.]

5. The court of common pleas having taken jurisdiction in an attachment by the levy of the writ, the subsequent proceedings cannot divest the jurisdiction, though erroneous. The purchaser under the judgment is protected by it.

[Cited in Doe v. Litherberry, Case No. 13,-251.]

[See note at end of case.]

6. The deed of the auditors may be made to the purchaser at the sale, or to his order.

[See note at end of case.]

[At law. Action of ejectment by the Bank of the United States against John Voorhees and others. Judgment for plaintiff.]

Caswell & Starr, for plaintiff.

Mr. Chase, for defendants.

OPINION OF THE COURT. This action of ejectment is brought to recover a tract of land in Hamilton county. The title of the plaintiff is founded on the proceedings in a certain writ of attachment in the court of common pleas against Seth Cutter, commenced in Hamilton county, in 1807, and under which the land was sold in 1808, by auditors appointed, who made their return in 1808. And at the August term following the sale was confirmed by the court. The land was sold, as appears by the return, to William Stanley and the deed was executed to Woodward and Foster. And on the same day Woodward and Foster conveyed the land to Stanley. By sundry mesne conveyances the land was conveyed to the Bank of the United States. The defendants are in possession under Seth Cutter, the defendant in the attachment, and claim under conveyances from him. And the question for the decision of the court is, whether the proceedings under the attachment divested the title of Seth Cutter to the land attached.

On the part of the defendants it is contended that they did not, on account of manifest irregularities in the proceedings which rendered them null and void. The statute requires that before a writ of attachment shall issue, an affidavit shall be made of the debt due, and that the defendant has absconded, &c., or is not a resident of the state. An advertisement in some newspaper in the state, giving notice of the attachment, &c. is required to be published three months, before judgment can be entered on the attachment. No judgment can be rendered against the defendant until the third term, at each of which terms he is required to be called three times and defaulted. No sale, by the auditors appointed by the court, can be made, in less than twelve months from the return of the attachment. Before the sale of the land attached, the auditors are required to give notice by advertisement fifteen days.

The defendants contend that it does not appear from the record that any of these essential requisites have been complied with; and consequently the judgment and sale of the land are void. That this is a proceeding in derogation of the common law, a special jurisdiction created by the statute, and that to render the proceeding valid it is necessary to show that every step has been taken as required by the statute. That nothing short of this can divest the title of the defendant in the attachment. And that as any essential defect in the proceeding vitiates the whole, advantage may be taken of it collaterally, when the record is offered in evidence.

It is true that there is a well defined distinction between the proceedings of courts which have a general and those which have a special jurisdiction. The latter must show their jurisdiction upon the face of their proceedings, but the former take jurisdiction of all cases as a matter of course, unless in due time, the want of jurisdiction shall be set up by plea. The court of common pleas, before which this proceeding was had, is a court of general jurisdiction. And the first question that arises when the judgment of such a court is offered in evidence as the foundation of title is, whether the court had jurisdiction of the case. The subject matter is embraced within the general powers of the court; but has the defendant been served with process, or has a notice been published, or such proceeding had, as authorized the court to take cognizance of the matter? This is not a proceeding against the person of the defendant, but against the property levied on by the attachment. It is substantially a proceeding in rem, and the property is bound from the service of the attachment.

But, it is objected that the statute provides, no attachment shall issue unless an affidavit has been made, and that in this record there is no affidavit. It is not material to enquire whether this affidavit should constitute a part of the record or not; the law provides that if the clerk issue the writ without an affidavit, "such writ shall be quashed, on motion, at the proper cost of the clerk issuing the same." And independent of the presumption which arises in favor of the regularity of the writ, from no such motion having been made, and the general powers of the court, it may well be doubted whether advantage can be taken of such a defect, except by motion as the statute provides. But if the omission to file an affidavit be an error, for which the judgment should be reversed, by an appellate court, still it does not follow that the judgment for this cause, is a nullity. The record states that the plaintiff "has sufficiently testified to the judges of our court of common pleas, that Seth Cutter, who is not now residing in the state is indebted, &c." This shows that the affidavit was made, and the substance of it contained in the record.

What more can be required by the most technical rule? The court were the judges of the sufficiency of the affidavit. The levy of the attachment brings the case within the jurisdiction of the court. For the law so far as the property attached is concerned, has substituted it for a personal service.

The court having acquired jurisdiction of the case, it cannot be divested by any error in the subsequent proceedings. The judgment may be erroneous and reversible in a court of errors, but it cannot be treated as void. And unless it be void, the purchase under it is protected. It would be a monstrous doctrine, to hold a purchaser responsible for the errors of the court. He is a stranger, generally, to the proceedings; and in making his purchase, relies upon the judgment of a court of general jurisdiction. Such a rule would operate most injuriously to defendants, as the precariousness of the title, would take from their property, sold under a judgment, more than half its value. But the rule is well settled that errors of proceeding in the court, do not affect the title of the purchaser. The record does not show that the pendency of the attachment was advertised as the statute requires; but, if it were necessary, this might fairly be presumed. But it is not deemed necessary to examine minutely the objections made to the judgment. They are not now properly examinable. And the time has long since transpired when they could be examined on a writ of error. Simms v. Slacum, 3 Cranch, [7 U. S.] 300; Hylton v. Brown, [Cases Nos. 6,980–6,982;] Wheaton v. Sexton, 4 Wheat. [17 U. S.] 500; Elliott v. Peirsol, 1 Pet. [26 U. S.] 340; Tayloe v. Thomson, 5 Pet. [30 U. S.] 370; Hartshorn v. Wilson, 2 Ohio, 28; 6 Ohio, 268; 5 Ohio, 500; Allen v. Parish, 3 Ohio, 190; Ludlow v. Wade, 5 Ohio, 501; Ludlow v. McBride, 3 Ohio, 257. In the case of Thompson v. Tolmie, 2 Pet. [27 U. S.] 157, the doctrine applicable to this case is examined. The court appointed the auditors, and directed the sale of the land, and on the return of the sale, they confirmed it, and authorized a deed to be executed. Now the court exercised their judgment on all these matters, and does not that afford evidence, that they were regularly transacted? The record does not show that the steps required were not taken; then is not the presumption fair that they were taken? at all events, on a collateral examination of the record. The statute does not provide that the title shall not be good, unless the requisites of the statute shall be complied with. And if the judgment be not a nullity, however erroneous it may be, the purchase under it is clearly good. In the case of Tayloe v. Thomson, 5 Pet. [30 U. S.] 370, the court held the title of a purchaser of a term of years, under a fieri facias, good, though the defendant was at the same time, and in the same case, charged in execution under a ca. sa. The doctrine is fully sustained in [Blaine v. The Charles Carter,] 4

Cranch, [8 U. S.] 328; [Wheaton v. Sexton,] 4 Wheat. [17 U. S.] 506.

The objection that the conveyance was made to Woodward and Foster, instead of Stanley, the purchaser at the sale, seems not to be entitled to much consideration. If this be a matter of contest, it must arise between the purchaser and the persons who received the conveyance. So Cutter was in no respect prejudiced by the act, it is not perceived how he can complain. He has received the consideration for which the land sold, and it can be a matter of no importance to him, whether the land was conveyed to the purchaser or to some other person. The title has passed out of the defendant by operation of law, and the right to it may be a matter of controversy arising out of acts subsequent to the sale. But no objection is perceived to the deed as made to Woodward and Foster. Whether it was so made on the order of the purchaser or not, is not material; as it appears on the same day the auditors executed the deed, Woodward and Foster conveyed the land to Stanley. From this fact it may be presumed that the conveyance was first made to Woodward and Foster, with the consent or at the request of Stanley, and he immediately afterwards received the conveyance from them. No objection is perceived to the auditor's or the sheriff's making a deed to any individual at the request of the purchaser at the sale, provided the act is done in good faith. This case was taken to the supreme court on a writ of error, and the judgment of the circuit court was affirmed. [Voorhees v. Jackson,] 10 Pet. [35 U. S.] 449.

[NOTE. The supreme court, per Mr. Justice Baldwin, in affirming this decision, assigned as its reasons that, the court of common pleas of Ohio, at the time of the proceedings, being a court of general civil jurisdiction, its record proved itself without reference to the evidence upon which the adjudication was made; that the judgment itself was evidence of the right of the plaintiff to the thing adjudged, and that any error of the court in rendering the judgment, however apparent, could only be examined by the appellate court, and not in a collateral proceeding; that the order of sale was a lawful authority to the auditors to sell, executed by virtue of the authority vested in the court, and the deed by the auditors passed the title to the premises in controversy to the purchaser. Voorhees v. Jackson, 10 Pet. (35 U. S.) 449.]