Jos. Evarts <i>v.</i> George Gove.

G. gave a note to W. payable to bearer, and before he was notified of any transfer thereof, a judgment was rendered against him therefor, as trustee of W. This is a legal defence to an action afterwards commenced against him by E. as the bearer of said note

If there has been legal service of process, judgment of a Court, rendered upon such process, remains in full force until reversed.

The facts, in this case, sufficiently appear from the opinion of the Court, delivered by

COLLAMER, J.—This was an action on a note of the following tenor. " For value received, I promise to pay the bearer —dollars, on the first day of October, 1836.

April, 24, 1836. G. GOVE."

On trial the defendant showed that he gave said note to one Wilcox, who went out of the state, and an action was commenced by A. S. Gove, against the defendant, as trustee of said Wilcox, before a justice of the peace; that, at the time of the service of the writ in said trustee action, the defendant had not been notified of any transfer of said note, but was notified by the plaintiff, afterwards, and before the court day, before said Justice. That all these facts were duly shown to said Justice, who rendered judgment against the defendant

FRANKLIN,
*January,*
1838.

———

Evarts
*v.*
Gove.

on the 15th day of June, 1836, for the amount of said note. Upon which showing the County Court rendered judgment for the defendant, to which the plaintiff excepted.

This note made the defendant debtor to Wilcox, and was of the same legal effect as if written to Wilcox or bearer. In England, the indorsee or bearer holds a negotiable note, if procured while current, free from all payments, offsets or defences, which could be made in a suit in favor of the payee, except gambling or usury. By our statute, in relation to negotiable paper, the maker could insist upon any defence in an action by an *indorsee,* which would equitably discharge him, as to the original payee. Our courts, however, have decided that a *bearer,* suing as such, sustained his action by common law and not by statute, and was, therefore, not subject to such defences as could be made by statute to a suit in the name of an *indorsee.* *Matthews* v. *Hall,* 1 Vt. R. 316. *Parker* v. *Kimball,* 3 Vt. R. 540.

Had the law continued thus, the present defence could not be made ; but in 1832 it was enacted, that the statute should "extend as well to cases brought in the name of *bearer* or "*assignee* of a note as to a suit in the name of an *indorsee.*" By the very *words* and intent of the statute, then, this defence is good. It would, most clearly, both legally and equitably discharge the defendant from any action on the note by Wilcox, and therefore, it is a defence which may be made to a suit in plaintiff's name, as bearer, as there is no proof of any fraud or collusion by defendant. It is to be recollected, that, since this transaction, the statute of 1832 has been repealed, and all negotiable notes put on the footing of commercial paper in England. That cannot affect this case.

It is urged that this whole trustee proceeding is void, as there was no notice to Wilcox. The process was served on Wilcox by a copy left at his house. This was legal service, and the cause was then in the jurisdiction of the Justice, who rendered the judgment. This judgment remains good until regularly reversed by proper process.

Judgment affirmed.

*H. R. Beardsley,* for plaintiff.
*H. E. Hubbell,* for defendant.