Walker *v.* Moseley.

## WALKER *vs.* MOSELEY.

In a summary proceeding on the complaint of an overseer of highways to fine a
person assessed to perform highway labor, for neglect to attend when notified,
pursuant to 1 *R. S.* 510, § 41 *et seq.*, the question whether the complainant is
an overseer of highways of the town, is a jurisdictional fact.  It may, therefore,
be controverted when the warrant for a fine is offered in evidence in a collate-
ral suit, *e. g.* in trespass by the party fined against the party on whose com-
plaint the fine was imposed.

ERROR to the Onondaga common pleas.  Walker was plain-
tiff and Moseley defendant in an action of trespass *de bonis as-
portatis* prosecuted before a justice of the peace.  After a trial
in that court the justice rendered a judgment for the defendant
which was affirmed by the common pleas.  The taking, by the
defendant, of the property for which the action was brought,
was proved.  The defendant justified under two several

Walker *v.* Moseley.

rants issued against the plaintiff by a justice of the peace, upon complaints made by the defendant as an overseer of highways of the town of Onondaga, by each of which warrants the constable to whom they were directed was commanded to levy a fine of one dollar, with the costs of the proceedings, of the goods and chattels of the plaintiff. The defendant assuming to act as such overseer, had made complaints before the justice, against the plaintiff, for neglecting to appear after being duly notified to work on the highways, upon which summonses were issued and the plaintiff was regularly fined for such delinquencies. The plaintiff objected to the introduction of these proceedings until the defendant should prove that he was such overseer of highways, but the justice held that such proof was unnecessary. It was shown that the defendant directed the constable to levy on the property pursuant to the warrants.

The plaintiff offered to prove that the defendant was not an overseer of highways of the town of Onondaga, at the time he made complaint and procured the plaintiff to be fined as aforesaid; to this the defendant objected and the justice sustained the objection and excluded the evidence. The plaintiff brought error upon the judgment of affirmance.

*Forbes & Sheldon,* for the plaintiff in error, insisted that the official character of the defendant was a jurisdictional fact, the existence of which must be shown before the warrants issued pursuant to the summary proceedings, would be effectual. They referred to *Whitney* v. *Shufelt,* (1 *Denio,* 593.) At all events they said the plaintiff below should have been permitted to show that the defendant was not one of the class of persons whom the law authorized to institute such proceedings.

*Lawrence & Fellows,* for the defendant in error.

*By the Court,* WHITTLESEY, J. The proceedings introduced and proved by the defendant below, appear to be strictly according to the statute in relation to highways; (1 *R. S.* 510, §§ 41 *to* 43;) and as no objection is taken to their regularity, they

will for the purposes of this suit be assumed to be regular. The defendant did not prove that at the time of taking the proceedings he was an overseer of highways, the justice holding that it was not necessary for him so to do. And the plaintiff offered to prove that the defendant was *not* at such time overseer of highways, which proof the justice refused to permit him to introduce. The only point in the case arises out of these two rulings of the justice, and the single question is whether the defendant, as a part of his justification, was bound to prove the fact that he was overseer of highways, and whether such official character was a fact open for inquiry in this suit.

It will doubtless be at once conceded that a justice of the peace, in proceedings under the act in relation to highways, to fine for refusal or neglect to work, acts as a court of special and limited jurisdiction. The general legal rule too will be conceded, that in justifying under the proceedings of such tribunals of special limited and inferior jurisdiction, the material facts necessary to give such tribunal jurisdiction, must be alleged and proved. In this case one of the material facts necessary to the jurisdiction of the justice, was that the party complaining should be an overseer of highways. It was only upon the complaint of an officer of that character that the justice was authorized to proceed so summarily and fine so promptly. If the present action had been in a court of record, and the defen dant was put to his plea of justification, how would that plea have been drawn? It would have begun by averring the fact that he was overseer of highways, and would then have proceeded to state his acts and application to the justice in that capacity. The fact that he was an overseer of highways was a material averment, and the plea could not have been sustained without it. It was the material fact which authorized the summary proceedings before the justice, and gave him jurisdiction. This defendant is the *party* in whose favor such former proceedings were had, and whatever the rule may be as to the justice or constable, the person who instituted these proceedings and procured the warrants, must show the fact that he was an overseer of highways, which alone authorized the proceedings. It is

Walker *v.* Moseley.

not enough for him to show a complaint before the justice in which that fact was stated. An analogous case has recently been decided in this court, affirming this doctrine. (*Whitney v. Shufelt*, 1 *Denio*, 592.) The rule, however, is familiar and well understood as applicable to all pleadings which rely upon the proceedings of courts of special, limited and inferior jurisdiction. All the material facts necessary to give such tribunal jurisdiction, must be set out or averred. (*Cornell* v. *Barnes*, 7 *Hill*, 35, *note*.)

I have referred to the case of pleading a justification in courts of record because the averments in such pleas indicate with great clearness and precision what is necessary to be proved to make out such justification. What is necessary to be *averred* in such a plea in a court of record to make it good, is necessary to be *proved* before a justice to make out the justification. In the case before us the fact that the defendant was an overseer of highways, was a material fact to give the justice jurisdiction in the former proceedings. When the defendant relies upon such proceedings for his justification, he must prove such fact to show that the justice had jurisdiction therein.

It is not enough that it was adjudged in such proceedings as between these very parties, that the defendant was such overseer. The judgment would be sufficient to protect the justice who issued the warrant and the officer who executed it, but not sufficient for the *party* upon whose application the proceedings were had. He, when he relies upon such proceedings, must show that he sustained the character which he then represented himself to bear. The justice consequently erred in rejecting the proof offered by the plaintiff, and in deciding that the proceedings were a sufficient justification to the defendant without proof of the fact that he was overseer of highways.(*a*)

Judgment reversed.

(*a*) See this question discussed and the authorities referred to in *Cowen & Hill's Notes*, 1016 *to* 1023.