*S. Whicher* and *J. D. Templin*, for defendant.

———o o o———

PATTERSON *et. al.* v. STATE OF INDIANA.

Where a power of attorney authorizes a judgment to be confessed for " an amount that may be found due" on the note therein described, and is in

sufficient form in all other particulars to give the court jurisdiction over the subject matter and the parties, it gives sufficient authority to confess a judgment, which cannot be collaterally impeached for mere irregularity,

The judgment of a court, having jurisdiction of the parties and the subject matter is conclusive so long as it remains unreversed.

A sheriff's returns may be so amended as to set forth truthfully the facts of the service.

### *Error to Muscatine District Court.*

*Opinion by* WILLIAMS, C. J. This is an action, commenced in the district court of Johnson county. The venue was changed to the county of Muscatine, in the second judicial district of Iowa.

The plaintiff sued in debt on the record of a judgment, certified from the circuit court of Fountain county in the state of Indiana; obtained at the September term of said court, on the 10th day of October 1844. The judgment, as certified, is for the sum of six hundred and eighty nine dollars and fifty six cents debt, and the further sum of seventy four dollars interest, and also fifteen per cent. damages on the amount of the note, on which judgment was rendered, amounting to one hundred and three dollars and forty three cents: making in all th e sum of eight hundred and eighty six dollars and ninety nine cents, with ninety five cents, costs of suit.

The certified copy of the record, of the proceedings, had in the circuit court of Fountain county Indiana, shows that the action was there instituted by the plaintiff by filing of record the following note of the defendants, viz:

"$689,56. Twelve months after date we, or either of us, promise to pay David Brier, as seminary trustee for Fountain county Indiana, or his successor in office, the sum of six hundred and eighty nine dollars and fifty six cents with seven per cent. interest from date until March 23, 1843." This note is signed by the defendants, Patterson and Carleton, and sealed with their seals. At the same time, as appears by the record David Brier, their attorney in fact, appeared in open court, and proved the execution of a warrant of attorney from said defendants,

dated the 5th of August 1844, at Johnson county Iowa, authorizing and empowering him, or any other attorney at law in the state of Indiana, to appear for them in the circuit court of Fountain county Indiana, at the next September term, or any other term of said court, and waive the issuing ·and service of process, and enter his appearance, and waive a declaration in debt in favor of the state of Indiana, for the use and benefit of the seminary fund of the county of Fountain, and confess said action for such sum, as shall appear at the time of confessing judgment, to be due upon a promissory note given by us in the words and figures following, to wit." (The note as above stated is here inserted in the power of attorney, which concludes as follows :) "And to permit a judgment to be then and there entered against us for such sum, and for the damages and costs chargeable thereon : and we hereby release all errors which may in any manner happen in any part of the proceedings in said action, and to waive all right and benefit of appeal; and, for what said attorney shall do in the premises, this shall be a sufficient warrant." Judgment was thereupon confessed, and entered by the court for the aforesaid sum, as debt, interest and damages. ,

When this cause was removed to Muscatine county, at the May term of the district court, the defendants moved to dismiss the suit for the reason that summons had not been served. Whereupon on motion of the plaintiff, the return of the sheriff who had served it, was amended by leave of the court, which answered and obviated the objection to the service. The defendants, then, craved *oyer* of the record, on the plaintiff's declaration mentioned. Thereupon a demurrer was filed.

The demurrer was overruled. Judgment for the debt, interest, damages and costs was then entered for the plaintiff.

The defendants set forth three causes of demurrer.

1st. "The power of attorney in said record contained,

and by virtue of which said judgment was rendered, is, and was, void for uncertainty."

2d. "The said judgment is rendered for damages not warranted by the power of attorney.

3d. The said judgment is rendered for a sum not warranted by the power of attorney, and is illegal and void."

These are the points made by the defendants on the demurrer in the court below, upon which the ruling of that court was had and of which they now complain.

We find no error in the judgment of the court below. The defendants, by their power of attorney duly executed, acknowledged the indebtedness, and empowered David Briar, an attorney at law of the state of Indiana, to appear for them in the circuit court of Fountain county, in that state, at the September term thereof, or any other term, and enter their appearance, and waive a declaration in debt in favor of the state of Indiana, for the use and benefit of the seminary fund of the county of Fountain, and confess said action for such sum as should appear at the time of confessing judgment to be due upon a promissory note given by them. The note and the power of attorney, as of record, show the authority which by the voluntary act of the defendants was given to the attorney. The judgment was confessed by him in accordance therewith, under the supervision of the court. By the power, which authorized the appearance by attorney, and which was duly proved before the confession, the court had jurisdiction of the persons of the defendants; the subject matter was, also such, that it was clearly within the jurisdiction of the court by which the judgment was rendered.

The power therefore, to act in the matter is indisputable; as the circuit court of Fountain county, Indiana, is possessed of general jurisdiction, the case was there properly cognizable. This being the state of the case, and the record being duly authenticated, can the defendants be permitted in this action, to go behind the judgment of the circuit court of Fountain county, to impeach it for irregularity, and set that up as a defense here? We think

they cannot. If the court had acted without jurisdiction of the persons of the defendants, without their consent or waiver; if it had not jurisdiction of the subject matter, or if there had been fraud in the obtaining of the judgment, then in either of these cases, the validity of the judgment might be impeached by proper pleading, and the district court might have inquired into and adjudicated these matters. The defense there presented, consisted of irregularities for which the defendants had, and if true, might have obtained ample redress in the supreme court of the state where the judgment was rendered. This legal mode of redress has not been resorted to by them, and therefore they must be left to the legitimate consequences of their own laches. The judgment of a court having jurisdiction of the parties, and of the subject matter of the action, is conclusive between the parties to the action, so long as it remains unreversed. *Warburton* v. *Atkin*, 1 McLean 460; *La Grange* v. *Ward*, 11 Ohio 257; *Swiggart* v. *Harber*, 4 Scam. 364; *Evarts* v. *Gove*, 10 Vt. 161; *Granger* v. *Clark*, 9 Shep. 128; *Mitchell* v. *State Bank*, 1 Scam. 526; *United States Bank* v. *Voorhees*, 1 McLean 221. The principle upon which this court decides the case at bar, is clearly set forth in the case of *Cook* v. *Darling*, 18 Pick. 393. It is there decided, that "in an action of debt on a judgment of the court of common pleas the judgment cannot be impeached, or avoided as erroneous, by plea, but the remedy is by writ of error." The reason there assigned is, that "the judgment is of a court of common law jurisdiction, to which a writ of error lies to reverse it, if erroneous." It would be otherwise, if the matter complained of were such as to be incorrigible by writ of error. It will not be contended here, that the matters complained of, could not have been corrected, if true, by resort to a writ of error, as they would be found of record, and appertained to the jurisdiction of the court by which the judgment was rendered.

We think it unnecessary to discuss at length, the other question presented by the assignment of the plaintiffs in

---

---

error. It is enough, to say, that where the return of a sheriff as to service, is imperfectly endorsed on the writ, the court may before trial, on motion, grant leave to amend it, so as to set forth therein truthfully the facts of the service.

Judgment affirmed.

*Wm. G. Woodward*, for plaintiffs in error.

*G. Folsom*, for defendant.