## MORSE v. PRESBY.

Under the bankrupt act of 1841, only those creditors who have proved their debts are entitled to notice, personally, or by letter, of the application for a discharge and certificate. A replication to a plea of discharge under the bankrupt law, which alleges merely that the plaintiff was a creditor and his residence known, and that he was not notified of the application for the discharge, is insufficient. It should allege that he was a creditor, and had proved his debt.

The powers of the district courts, in relation to bankruptcy, are special and summary, and their jurisdiction must be shown.

Where a judgment or decree is relied upon in pleading or proof, any plea or evidence, which shows that the court had no jurisdiction, is admissible.

ASSUMPSIT, upon a promissory note signed by the defendant, dated 20th March, 1838, for $42,50, payable to the plaintiff or order, on demand, with interest annually.

With the general issue, the defendant pleaded specially, as follows:

" And for further plea in this behalf, by said Presby, by leave of the court here, pleaded, the said Presby says that the plaintiff, his said action thereof against him ought not to have and maintain, because he says that he, the said Presby, on the 23d day of February, A. D. 1842, resided at Dedham, in the district of Massachusetts; that on said day

he was owing debts, which were not created in consequence of any defalcation, as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary character; and on said day he, by petition in writing, setting forth, to the best of his knowledge and belief, a list of his creditors, their respective places of residence, and the amount due to each, with an accurate inventory of his property, rights and credits, of every name and kind and description, and the location and situation of each and every parcel and portion thereof, verified by his oath, and declaring himself unable to meet his debts and engagements, applied to the district court of the United States, for said district of Massachusetts, in which he was then resident, for the benefit of an act of the Congress of the United States, entitled, " An act to establish a uniform system of bankruptcy throughout the United States," passed August 19th, A. D. 1841. And said Presby further says, that upon such application such proceedings were had, that said district court, holden at Boston, in said district of Massachusetts, on the 11th day of October, A. D. 1842, decreed and allowed to him a full discharge from all his debts, owing by him at the time of the presentation of his said application, to wit: on said 23d day of February, A. D. 1842; all of which more fully appears by the record of the court in this matter, a true copy of which, duly authenticated, the said Presby here in court produces. And said Presby further says, that the said claims and demands of the plaintiff, in his said declaration mentioned, and each and all of them, were due and owing from him, the said Presby, on said 23d day of February, A. D. 1842, and were not created in consequence of any defalcation as a public officer, or as an executor, administrator, guardian or trustee, or while acting in any other fiduciary character, and were provable under said act of Congress, in his, said Presby's, proceedings in bankruptcy aforesaid. All of which he is ready to verify; wherefore

he prays judgment, if the plaintiff his said action thereof against him ought to have and maintain, and for his costs."

To this plea the plaintiff replied, as follows:

" And the plaintiff says, that he, by reason of any thing by the said Presby above in his plea aforesaid alleged, ought not to be barred from having and maintaining his aforesaid action thereof against him, because he says that at the time of the filing of the petition of the said defendant, for his certificate of discharge in bankruptcy as aforesaid, and at the time of said discharge, as set forth in the defendant's said plea, the plaintiff was a creditor of the said Presby, and although his place of residence was known, no notice to appear and show cause why such discharge and certificate should not be granted, was either served upon him personally, or addressed to him by letter, at his known usual place of residence, as required by the provisions of the fourth section of said bankrupt act, passed August 19th, A. D. 1841. And this he is ready to verify. Wherefore he prays judgment, and for his damages and costs, to be adjudged to him."

To this replication, there was a general demurrer and joinder.

*M. W. Tappan* and *Morrison*, for the plaintiff.

*Pierce & Minot*, for the defendant.

BELL, J. The district courts of the United States, though of limited jurisdiction, are not inferior courts, in the technical sense of the term. If jurisdiction do not appear upon their proceedings, their judgments will be reversed on error or appeal; but they are not nullities, which may be disregarded in a collateral proceeding. *Mc Cormick* v. *Sullivant*, 10 Wheat. 192. In this respect the district courts stand on the same footing as courts of general jurisdiction; and the authority of such courts is always to be presumed, until the

contrary is shown. *Ruckman* v. *Cowell*, 1 Coms. 505 ; *Kemp* v. *Kennedy*, 5 Cra. 185 ; *Skellern* v. *May*, 6 Cra. 267 ; *Thompson* v. *Lyle*, 3 W. & S. 166 ; *Reed* v. *Vaughan*, 10 Mo. 447.

A court of general jurisdiction, however, may have special and summary powers, wholly derived from statutes, not exercised according to the course of the common law, and which do not belong to it as a court of general jurisdiction. In such cases, its decisions must be regarded and treated like those of courts of limited and special jurisdiction. *Embury* v. *Conner*, 3 Coms. 322 ; *Huntington* v. *Charlotte*, 15 Vt. Rep. 46.

The jurisdiction in such cases, both as to the subject matter of the judgment, and as to the persons to be affected by it, must appear by the record ; and every thing will be presumed to be without the jurisdiction, which does not distinctly appear to be within it. *Peacock* v. *Bill*, 1 Wms. Saund. 73, and notes ; *Ladbroke* v. *James*, Willes 199 ; *Sollers* v. *Lawrence*, Willes 416 ; *Mills* v. *Martin*, 19 Johns. 7 ; *Thomas* v. *Robinson*, 3 Wend. 267 ; *Kempis lessee* v. *Kennedy*, 5 Cra. 173 ; *Wheeler* v. *Cowen*, 3 Wend. 311 ; *Barnes* v. *Harris*, 3 Barb. S. C. 603 ; *People* v. *Koeber*, 7 Hill 39 ; *Bank* v. *Treat*, 6 Shep. 340 ; *Barritt* v. *Crane*, 16 Vt. 246.

The powers of the district courts in relation to the subject of bankruptcy, have been regarded, by courts of high character, as falling within the class of special and summary powers ; so that in such cases the jurisdiction must appear, or be distinctly shown. Thus it has been held, that the residence of the bankrupt within the district where his application for the benefit of the bankrupt act was made, must be shown, his indebtedness, and that his debts are not of a fiduciary character ; and it must appear that the proceedings were commenced by a petition, setting forth those facts, accompanied by a proper schedule of property and a list of creditors. *Sackett* v. *Andross*, 5 Hill. 327 ; *Stephen*

v. *Ely,* 6 Hill. 607; *Rucknam* v. *Cowell,* 1 Coms. 505; *Price* v. *Bray,* 10 Law Rep. 223, (N. J.)

Ordinarily, when it appears that proceedings have been regularly commenced before a court of competent jurisdiction, the principle applies, that however irregular or erroneous the proceedings may be, they are valid until they are reversed or set aside, on motion, if irregular, or on error, or appeal, if erroneous. They are in no case to be regarded as nullities, nor to be impeached by plea or proof in any collateral proceeding. *Gorrill* v. *Whittier,* 3 N. H. Rep. 265; *Smith* v. *Knowlton,* 11 N. H. Rep. 191; *Wesson* v. *Chamberlain,* 3 Coms. 331; *Embury* v. *Conner,* 3 Coms. 511; *Newman* v. *Cincinnati,* 18 Ohio 323; *Smith* v. *Keene,* 26 Maine (6 Shep.) 411; *Callahan* v. *Griswold,* 9 Mo. 784; *Wight* v. *Varnum,* 1 Doug. 384; *Clark* v. *Holmes,* 1 Doug. 390; *Peirson* v. *Catlin,* 18 Vt. (3 Wash.) 77; *Cook* v. *Darling,* 18 Pick. 393; *Kittridge* v. *Emerson,* 15 N. H. Rep. 262.

This principle does not intend to exclude any inquiry relative to the jurisdiction of the court, since a judgment rendered by a court which has not jurisdiction, is entirely void. *Gorrill* v. *Whittier,* 3 N. H. Rep. 265; *Borden* v. *Fitch,* 15 Johns. 141; *Bissell* v. *Briggs,* 9 Mass. Rep. 464; *Barrett* v. *Crane,* 16 Vt. Rep. 246; *Westervelt* v. *Lewis,* 2 McLean 511; *Swiggert* v. *Harper,* 4 Scam. 464; *Boynton* v. *Foster,* 7 Met. 415; *Bigelow* v. *Stearns,* 19 Johns. 39; *Smith* v. *Knowlton,* 11 N. H. Rep. 191; *Latham* v. *Edgerton,* 9 Cow. 227; *Hill* v. *Robertson,* 1 Strob. 1.

Any fact, upon which the jurisdiction depends, may be denied, unless, perhaps, in the case where the objection has been taken in the court whose jurisdiction is questioned, and it has been made the subject of an express decision of the court. *Shumway* v. *Stillman,* 4 Cow. 292; *Walker* v. *Mosely,* 5 Denio 102; *Noyes* v. *Butler,* 6 Barb. S. C. 613; *Hickey* v. *Stuart,* 3 How. U. S. 750.

Any fact may be alleged or proved, which goes to take

away the jurisdiction, except, perhaps, in cases where the exception is of such a nature that it may be waived, and the party interested has lost his right to except, by his own act, or by his neglect to avail himself of it, at the proper stage of the proceedings. For example, jurisdiction of the person is acquired by the due service of the process prescribed by law, or by such notice as the law prescribes; and in the absence of such notice a judgment will be voidable. *West* v. *Finlay*, 8 Blackf. 385; *Enos* v. *Smith*, 7 S. & M. 85; *Gilman* v. *Thompson*, 11 Vt. Rep. 643; *Clark* v. *Grayan*, 2 Pike 149; *Ford* v. *Babcock*, 1 Denio 158.

If, however, a party who has not been served with process, or who has not been duly notified, shall appear and answer to the action without objection on that account, the objection to the jurisdiction is forever waived. *Noyes* v. *Butler*, 6 Barb. S. C. 613; *Malone* v. *Clark*, 2 Hill 657.

In most cases, where it appears that the action is properly commenced in a proper court, and the jurisdiction has thus once been acquired by that court, it has authority to proceed until the case is concluded. *Evarts* v. *Gove*, 10 Vt. Rep. 161; *Scammon* v. *Ogden*, 1 Scam. 137.

But this is not universally true, since there are cases where the jurisdiction may be affected by the course of the proceedings in the case itself. A familiar instance of this kind is the case of an action of trespass to real estate before a justice of the peace. If a plea of title is there interposed, the jurisdiction of the justice is arrested, and any judgment rendered by him afterwards, except of nonsuit, is void. *Pritchard* v. *Atkinson*, 4 N. H. Rep. 291.

The proceedings in bankruptcy are peculiar, and different from any which are known at common law. They furnish an instance in which the measure of jurisdiction varies at different stages of the proceedings. In the earlier steps, they are entirely *ex parte*. The petition is presented by the bankrupt himself. In cases, like the present, of voluntary bankruptcy, the decree of bankruptcy, the appointment of an

Morse *v.* Presby.

assignee, &c., are made while as yet there is no party before the court, but the bankrupt himself.   As to all these things, the jurisdiction of the court depends upon the residence of the bankrupt, his debts, and their character, and the regularity of his petition and schedules.   But the ultimate purpose of all these steps is to affect the rights of the creditors of the bankrupt, and to compel them to accept a part of their dues in discharge of their whole claims.   To make them parties, other proceedings must be adopted, by which actual and personal notice shall be given to them, of what has been done and what is desired to be done, and an opportunity afforded to them to come forward and object, if they think proper; or such general notice given, as the statute deems sufficient; because it is a first principle of justice, admitted and acted upon everywhere, that no man's rights can be taken away or destroyed by a proceeding of which he has no notice.

All the preliminary proceedings are like the attachment of property upon a writ, merely calculated to secure the debtor's property for the benefit of the creditors; but the jurisdiction of the court as to the other parties, whose rights are to be affected by the final decision, depends in the one case upon the due service of process upon such parties, or upon the due notice required by the law, instead of such service, and in the other, upon the notices required to be given by the bankrupt law.   In the latter case, the jurisdiction of the court to entertain the proceedings in their early stages being shown, it will be presumed that such notices have been regularly given, until the contrary appears.

But as the validity of the discharge and certificate of the bankrupt depend upon the question, whether the court had acquired jurisdiction of the person of the creditor by the notice prescribed by law, that fact may be well denied by a proper plea; and if that plea is supported by the evidence, the whole proceedings will fail, unless the effect of the omission can be in some way obviated.   Each separate creditor

stands on a distinct ground as to this point, and however regular the proceedings as to others may have been, the decree of discharge and the certificate are merely void and inoperative as to him, if he has not been notified agreeably to the requirements of the statutes.

The denial of notice in the replication demurred to in this case is as follows: " at the time of the petition, &c., and of the discharge, &c., the plaintiff was a creditor, &c., and his residence known, and no notice to appear, &c., was served upon him, &c., or addressed to him by letter, &c., as required, &c." The sufficiency of this plea must of course depend upon the bankrupt law, the statute of 1841. By the provisions of this act, notice is required to be given in two stages of the proceeding ; first upon the petition to be declared a bankrupt, the only effect of which would be to give the authority to the court to decree the petitioner to be a bankrupt, appoint an assignee, &c. ; secondly, upon the petition for a discharge. By section 4, " every bankrupt who shall * * * surrender his property, &c., and shall * * * obey the orders of the court, &c., shall be entitled to a full discharge from all his debts, to be decreed and allowed by the court, &c., and a certificate thereof granted to him by said court accordingly, upon his petition filed for that purpose, such certificate and discharge not to be granted until ninety days from the decree of bankruptcy, nor until after seventy days' notice in some public newspaper designated by such court, to all creditors who have proved their debts, and other persons in interest, to appear, &c., and show cause why such discharge and certificate should not be granted, &c. Provided, that in all cases where the residence of the creditor is known, a service on him, personally, or by letter addressed to him at his known usual place of residence, shall be prescribed by the court, as in their discretion shall seem proper, having regard to the distance at which the creditor resides from such court. * * And such discharge and certificate, when duly granted, shall in all

courts of justice be deemed a full and complete discharge of all debts, &c., and may be pleaded as a full and complete bar to all suits, &c., and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment."

This statute makes it essential that notice should be given to the creditors and other persons interested, to come in and show cause why a discharge should not be granted; first, by seventy days' notice in some public newspaper, designated by the court; and secondly, by personal service on the creditor, or by letter, as the court shall direct. The language, though neither neat nor accurate, is too clear to be mistaken. " Such discharge and certificate not to be, (shall not be,) granted until after seventy days' notice in some newspaper, &c. Provided, also, that in all cases where the residence of the creditor is known, a service on him, personally or by letter, shall be prescribed by the court," and of course given accordingly. It would seem that no one could question the position, that the court was absolutely without authority, that is, without jurisdiction, because entirely prohibited, to decree a discharge until such notice was given. And we can see no ground for supposing that one of these notices is not as much required, and as indispensable, as the other; or that the one can be deemed a substitute for the other.

Upon this view, the fact of due and proper notice to the plaintiff, designed to be denied by this replication, was essential to give the court any authority to act upon the plaintiff's rights, and was a proper matter to be put in issue, because, if well pleaded, and the plea supported by the proper proof, it was a complete and perfect answer to the defence set up by the defendant.

It seems to have been the intention to make the certificate of discharge, of itself, evidence conclusive in favor of the bankrupt, unless impeached for fraud or concealment. There are such provisions in the English bankrupt acts of most

recent date, making the certificate itself conclusive evidence of every fact necessary to give it validity and effect; but this purpose is defeated in the act of 1841, by the introduction of the clause, " when duly granted." This makes the effect of the certificate, as a discharge and as evidence, dependent upon its being duly granted ; and it could not be regarded as duly granted, when the notice required by the act to be given to parties in interest had not been given.

The language of the bankrupt act gives rise to another question, not connected with that we have been considering, but essential to be considered in determining the point raised in this case. It is the question whether, supposing the plea well pleaded of want of due notice of the petition for a discharge, to be valid, the plaintiff has in this replication shown himself entitled to the notice, of the want of which he complains. The certificate and discharge is not to be granted until after seventy days' notice in some newspaper, &c., *to all creditors who have proved their debts, and other persons in interest, &c.* Provided, that in all cases where the residence of " *the creditor*" is known, a service on him personally or by letter, &c., shall be prescribed, &c. It is apparent, from a reference to the rule of the district court on this subject, (Rules in Bankruptcy, No. 12,) that the judges of the circuit court, under whose revision those rules were adopted, gave a narrow construction to the words " the creditor," understanding them to apply not to creditors generally, who were known to be such to the bankrupt, and whose residences were known to him, nor to the creditors whose names and residences are required, by the first section of the act, to be stated in a list accompanying the petition to be declared a bankrupt, but to those creditors only spoken of in the preceding part of the section, *who have proved their debts.* That rule, after directing the manner of notice by publication, proceeds, " and also where the residence of any creditor who has proved his debt or other claim is known, notice thereof shall be given by a service on him, personally or by

a printed letter, signed by the clerk," &c. And the form of the order of notice prescribed on such petitions, (form 6,) is apparently based on the same construction. After directing notice in the newspaper, it proceeds, " *and all creditors who have proved their debts,* and other persons in interest, may appear and show cause," &c., that *all such creditors,* whose places of residence are known, shall be entitled to a notice of the same petition and order, either personally or by letter, &c.

If this is the true construction of the bankrupt act, the replication in this case is bad, because though it alleges that the plaintiff was a creditor, and that his residence was known, it does not allege that he had proved his debt. As if the statute were to be construed as requiring notice, personally or by letter, only where the name of the creditor insisting on the want of notice, was stated in the list of creditors annexed to the petition to be declared a bankrupt, the replication would be defective, because it does not show that the plaintiff's name was inserted in that list.

On general principles, the law ought to require actual and personal notice to be given to every person whose rights are to be affected by a decision ; and the want of such notice ought to defeat the operation of such judgment or decree, so far as it affects the rights of persons not notified, wherever it is reasonably practicable to give such notice. But it will not do to require that such actual notice should be brought home to every party in interest. In many cases it is absolutely impracticable, and in others it is difficult to give such notices, without such delays and expenses as would tend to defeat the entire objects of the proceeding. It is, therefore, well settled that various modes of notifying parties of legal proceedings may be valid and effectual within the jurisdiction of the government which prescribes them ; and then, though they may fall entirely short of actual notice, all parties will be bound by them. Such are most of the notices prescribed by the laws of this State, in cases arising in the courts of

probate, in cases of the attachment of the property of absent defendants, and the like. If the bankrupt act had merely required a notice to all creditors and others interested, by publication in a newspaper, it must be held sufficient as to all persons within the Union. The statute having prescribed personal notice, or notice by letter, in certain cases, it is not to be dispensed with in those cases. If it had been our duty to have given a construction to it, in the first instance, as to the persons entitled to personal notice, or notice by letter, we should have thought it a duty to give it a most broad and liberal construction, for the protection of the rights of creditors; and we should have deemed those creditors who had already proved their debts, and thus made themselves parties to the proceeding, as falling into that class who least required further actual and special notice of the application for a discharge; but the act having been long since repealed, we should hardly feel warranted in disturbing the construction given to it by the courts to whom its administration was specially confided, and which, so far as we are aware, has not been seriously resisted. The rights of parties to an immense extent depend upon its support, and it is impossible to estimate the mischiefs to result from its reversal, if that were practicable. It must, therefore, be deemed settled, that the creditors who are entitled to personal notice, or notice by letter, are those who have proved their debts, and no others. As it is not alleged that the plaintiff is one of this class, the replication must be held insufficient.

From the Annual Digest for 1848, page 44, Tit. Bankrupt 31, it seems that this question has arisen in Missouri, and it was there decided that failure to give notice to a creditor will not vitiate a certificate of discharge. We are not aware of the grounds of this decision. *Skelton* v. *Pease*, 10 Mo. 473. And from 4 U. S. Digest 268, Bankrupt 71, it appears that it was decided in South Carolina that the omission, by a petitioner for the benefit of the bankrupt

law, to give notice to a creditor, is not of itself sufficient to invalidate his discharge as against any such creditor, without proof that the omission was fraudulent and intentional. *Brown* v. *Kebb*, 1 Rich. 374. The cases of *Burnside* v. *Brigham*, 8 Met. 75, and *Fox* v. *Paine*, 10 Ala. 523, do not turn on the point raised here.

*Judgment on demurrer for the defendant.*